**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **JAMON HESTAND,** § | |
|     Plaintiff § | |
| § | |
| V. § | Case Number_____ |
| § | |
| **TEXAS DEPARTMENT OF** § | |
| **CRIMINAL JUSTICE, J. ENGE,** § | |
| **And B. NEAL** § | |
|     Defendants § | |

    **COMES NOW, JAMON HESTAND,** Plaintiff in above-styled and numbered cause and files this lawsuit against Defendants, Texas Department of Criminal Justice, Captain J. Enge and Officer B. Neal. For cause of action herein, Plaintiff would show unto this Court the following:

**PARTIES TO THE SUIT**

1.     The incident(s) that formed the grounds for this action took place while Plaintiff was an offender, assigned to the Michael Unit, his current address is as follows:

> Jamon Hestand TDCJ-ID #1343536
> Michael Unit 2664 FM 2054
> Tennessee Colony, TX 75886

2.     Defendants in this suit are Texas Department of Criminal Justice, Correctional Captain J. Enge, Correction Officer B. Neal. At the time of the incident(s) that form the grounds for this claim, all defendants were employed by the Texas Department of Criminal Justice's Institutional Division, Michael Unit. Consequently, Plaintiff can only access the address of the Michael Unit, which was their workplace. Thus, their addresses are as follows:

> Texas Department of Criminal Justice
> TDCJ Executive Director
> 209 West 14th Street
> 5th Floor, Price Daniel Building
> Austin, TX 78701

Jamon Original Petition
1 |

Captain J. Enge
Michael Unit 2664 FM 2054
Huntsville, Texas 77320

B. Neal
Michael Unit 2664 FM 2054
Huntsville, Texas 77320

## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this court by 28 U.S.C., §1331 which authorizes federal courts to decide cases concerning federal questions, and by 28 U.S.C., 1343(a) which authorizes federal courts to hear actions brought under 42 U.S.C. §1983 [hereinafter 1983]; 42 U.S.C. §1985 [hereinafter 1985]; and 42 U.S.C., §1986 [hereinafter 1986]. Sections 1983, 1985, and 1986, individually and collectively affords a basis for any citizen to present a cognizable claim for relief not only against state action if, as a result of state action, the citizen has been deprived of any right, privilege or immunity secured by the United States Constitution, and the laws of the United States.

4. However, when two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly, indirectly, any person or class of persons of the Equal Protection of the Laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or securing to all persons within such State or Territory of equal protection of the laws, or when any person having knowledge that any of the wrongs conspired to be done, and mentioned in Section 1985 of this Title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglect or refuses to do so... shall be liable to the injured. 28 U.S.C. §1332 provides this court with jurisdictional authority based upon Supreme Court holdings that a "principal place of business" or "nerve center" is usually a "main headquarters" place in which

business is conducted and where a corporation's officers direct, control and coordinate the corporate activities.

5.     Plaintiff does not initially seek his release from incarceration; instead, he seeks monetary and nominal damages, and punitive damages with declaratory relief through 1983 exclusively for physical and mental injuries and sufferings of pains caused by the sadistically and intentional infliction of bodily injury, and the deprivation of constitutional rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

6.     Plaintiff asserts that defendants named and titled herein, and those in which may be added through the court's permission to make necessary supplemental amendment to plaintiff's original complaint, acted singly, jointly, and severally to deprive plaintiff of his liberty interests, right to be free from "cruel and unusual punishment" that was not part of his original conviction and sentence for the offense committed against the state; and also, defendants acted in an illegal manner to prevent plaintiff from exercising his right to file a civil rights complaint against defendants, by writing a false and misleading disciplinary report against plaintiff, then punishing him as a result of such false and misleading disciplinary violation. Furthermore, defendant was subjected to threats, retaliation, and harassment because he notified his father and sister about the incident, along with his intent to file a Civil Rights Complaint against the defendants for their arbitrary and sadistic acts and conduct; more specifically, the actions of Captain Enge and Officer B. Neal, and other named defendants for their attempts to conceal, hinder, and prevent plaintiff from filing such complaint with the federal court.

7.     While declaratory relief provided by 1983 enables plaintiff to establish the violation of liberty interests, due process or equal protection rights, privileges, or immunities, and 1985, the defendants acted in concert (one with the other) to deprive plaintiff of said rights, privileges or

Case 6:20-cv-00071-JDK-JDL   Document 1   Filed 02/13/20   Page 4 of 8 PageID #:  4

immunities; or 1986, that certain defendants having an opportunity and/or obligation to prevent and/or take protective measures or preventive actions to report and prevent such illegal actions, failed to do so; thus, condoning the actions and injuries, sufferings, harms, damages and punishments of the plaintiff which were caused by fellow employees/officers for the purpose of covering up, concealing and hindering the real facts from reaching outside agencies, courts, or other governmental officials.

8.  Subject to the defendants upon a ruling in plaintiffs favor upon the due process and equal protection claims for the defendants' failure to abide by State and Federal laws, TDCJ Rules, Regulations, and Policies, Supreme Court decisions, and the deprivation of rights, privileges, and immunities secured under the Texas and United States Constitution(s) and laws; by their willful, intentional and purposeful illegal acts of depriving, impeding, hindering and refusing to correct, remedy or defend, aid in the unlawful actions while conspiring one with the other to further an unlawful act while acting under the color of state law and/or employment in their official capacities, and having common knowledge that such sadistic acts and conduct is unjustifiable and senseless that is against the conscience of modern day society.

9.  The principle of pendent jurisdiction is further engaged to accommodate plaintiff's claims of bad faith. No federal question can be raised by a claim for bad faith. However, once a predicate injury in the form of a constitutional violation has been established and validated, this court's pendent jurisdiction permits consideration of a claim for bad faith and its Michael Unit, located in Tennessee Colony, Anderson County, Texas; and plaintiff is presently confined at that Unit. Therefore, venue is appropriate in this matter pursuant to Title 28 U.S.C., §1391 (b) (1).

Jamon Original Petition
4 |

## FACTS

10.     Captain Enge is being sued in both individual and official capacities as a state governmental agent/employee, responsible for obtaining proper and adequate training in the security of prison rules, regulations and policies; as well as court orders, constitutional rights of others, state and federal laws that pertain to his job performance and obligations to security, safety and protections of the prison facility and all offenders who are assigned the facility.

11.     On February 12, 2018, before lunch time, Captain Enge and Officer B. Neal went into Plaintiff's cell and proceeded to literally throw things from one side of the cell to the other. They placed some property in a large building sheet and came out of the cell. Captain Enge told Plaintiff he was taking the property to investigate whether a fire had been set. When Defendant took the property, neither he nor any other TDCJ employee, gave Plaintiff any property confiscation papers for the property that had been taken from Plaintiff's cell.

12.     Captain Enge also told the officers on the cellblock, not to feed me lunch, and they did not. Later that day, at around 2:30 p.m. the 5 Man Team came in the cell at 12 Building A-Pod-78 Cell. Captain Enge sprayed me with the chemical agents way too many times in a very short period without taking proper breaks, which made it impossible to follow his orders and I was being given contradictory orders, it was confusing and very inhuman.

13.     Once the use of force team got my door opened, I was slammed to the ground face down and immediately was attacked by the first man in the cell, who cramped his fingers in both of my eyes busting blood vessels and causing extreme pain. At that point I was totally blind. Then the same person that had hit me before, proceeded to slam the right side of his head into the bottom of the steel toilet/sink over and over again, causing blood to flow and sever pain. At the same time, someone else behind me twisted my right leg till it was injured, another TDCJ officer was

twisting my thumb, and the first officer proceeded to punch me over and over in the back of my head, smashing my forehead into the concrete repeatedly. Also, during this time, another officer was repeatedly saying to me to "stop resisting", even though I had never resisted.

14. Once they stopped assaulting me and brought me out of the cell, my right knee gave out on me as I began to walk down the stairs. The officers had to carry me out of the cell and place me on the stretcher to take me out. The nurse evaluated me and released me to security. I was dropped onto the floor and thereby furthering my injuries.

## CAUSES OF ACTION

15. **Claim Number 1**: *Plaintiff was deprived of his 14th Amendment Right to Due Process and Equal Protection of the Laws when Defendants knowingly and intentionally violated his 4th, and 8th Amendment Right to be free from Cruel and Unusual Punishment that was not a part of his original conviction and sentence when Plaintiff's cell was rummaged and things were taken and never accounted for but the Defendants.*

16. Plaintiff would show that Captain Enge and Officer B. Neal came into Plaintiff's cell and violated Plaintiff's constitutional rights. Defendants did not follow the established TDCJ Rules in his search of Plaintiff's cell. Defendant's did in fact violate Plaintiff's rights in that they did not follow the proper TDCJ procedure in the search and seizure of the property of Plaintiff. Plaintiff would show that he did not receive any of the property back. This property included books, gloves, mirror, multi-vitamins, ¾ jar of black coffee, a spoon, light bulb, 2 pairs of gym shorts, muscle shirt, hair grease, ameri-fresh shampoo, 2 nail clippers, a stack of catalogues, addresses, and no confiscation papers were given to Plaintiff and his property has never been returned.

17. **Claim Number 2**: *Plaintiff was deprived of his 14th Amendment Right to Due Process and Equal Protection of the Laws when Defendants knowingly and intentionally violated his 4th*

*and 8th Amendment Right to be free from Cruel and Unusual Punishment that was not a part of his original conviction and sentence when Plaintiff was beat by the Defendants and other unnamed TDCJ guards without any cause.*

18. Plaintiff was viciously beat by Captain Enge and several other TDCJ Officers and to this date, Plaintiff still feels pain and discomfort from that day. Plaintiff was not resisting the Defendants but was still beaten to a point of needing to be seen by medical personal.

## DAMAGES

19. Plaintiff claims damages in the amount above $100,000.00 in actual damages.  Plaintiff would ask that this suit on this matter award damages on each claim in this case.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Jamon Hestand respectfully prays that the Defendants be cited to appear and answer herein, and that upon a finals hearing of the cause, judgment be entered for the Plaintiff against Defendants for the economic and actual damages requested hereinabove, together with prejudgment and post judgment interest at the maximum rate allowed by law, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY**

Respectfully submitted,

By:_____
Tanika J. Solomon
Texas Bar No. 24055713
Email: attorney @tjsololaw.com
2120 Welch Street
Houston, Texas 77019

                                              Tel. (713) 640-5956
                                              Fax. (713) 640-5944
                                              Attorney for Plaintiff