UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JAMON HESTAND, | § | |
| Plaintiff | § | |
| | § | |
| V. | § | Case Number 6:20-cv-00071 |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, J. ENGE, | § | |
| And B. NEAL | § | |
| Defendants | § | |

**PLAINTIFF'S MOTION TO EXTEND TIME TO FILE OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, AND MOTION FOR LEAVE TO AMEND COMPLAINT AND FOR SERVICE OF PROCESS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Jamon Hestand files this motion requesting a brief extension of time in which to file his opposition to Defendant TDCJ's Motion to Dismiss. And asks for leave to amend his complaint and leave to serve process.

Plaintiff timey filed his *Original Complaint* on February 13, 2020, against Defendant's Texas Department of Criminal Justice, Captain (Now Major) Jamadre Enge, and Corrections Officer Barbara C. Neal. Plaintiff alleges excessive uses of force in violation of his civil rights. Plaintiff has suffered and continues to suffer continuing and ongoing physical and emotional injuries. Since the filing of this complaint, Plaintiff has suffered two additional brutal beatings in March and April of 2020 (during the lockdown from the COVID-19 pandemic); at the hands of officers on the same unit; in retaliation for having complained.

Plaintiff's delay in effecting service on the two previously named Defendants was unavoidable. Immediately after the filing of his Complaint the State of Texas; Plaintiff, who is an inmate in TDCJ on a mental health block; and Plaintiff's counsel were all affected by the COVID-19 virus pandemic. Plaintiff had been assaulted twice during that time. Communications have

1

been thwarted. There were difficulties with serving parties in person. Plaintiff, who suffers from several mental handicaps was not able to communicate with his counsel due to his ailments. Plaintiff's counsel's office operations were shut down for an extended time due to the virus affecting her staffing and her household. Although the Federal Courts continued to operate on a limited basis. The logistics regarding service and communications and collecting medical information and grievance files to amend Plaintiffs pleadings have been hampered. For these reasons, Plaintiff requests an extension of time to August 8, 2020 to file his Opposition to Defendant TDCJ's Motion to Dismiss, and to Amend his Complaint.

As of the date TDCJ's Motion to Dismiss, TDCJ was in fact the only Defendant to have been served. This fact was solely because of the pandemic on business operations.

Defendant Complains that TDCJ is immune from liability under Section 1983. However, TDCJ does not have immunity from claims involving the negligent carrying out of policies. To establish Section **1983** liability against a local government, the plaintiff must prove that a "policy or custom" is the "moving force" of a constitutional violation. Monell, 436 U.S. at 694. A "policy or custom" may take the form of the following:

- A formal regulation or policy statement.
- An informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled that it constitutes a custom or usage with the force of law.
- The decisions of employees with final policymaking authority.
- The ratification by these final policymakers of the decisions, and the basis for them, of subordinates to which authority was delegated subject to these policymakers' review and approval.
- The failure to adequately train or supervise employees if that failure results from deliberate indifference to the injuries that may be caused.

(*See Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (internal quotations and citations omitted), *cert. denied*, 131 S. Ct. 3030 (2011); *Monell*, 436 U.S. at 694.) Plaintiff's

2

amended complaint will show that Defendant TDCJ has an established policy and practice of denying offender grievances and finding that the allegations are not substantiated.  Thus, Plaintiff is prevented from asserting his rights despite evidence tending to show gross violations on a continuing and ongoing basis.

      While Section 1983 may bar suits against States and individual state officials acting in their official capacity that seek damages, it does not bar actions seeking prospective injunctive relief (*Papasan v. Allain*, 478 U.S. 265, 276-279 (1986)).  Plaintiff's amended complaint will show that Plaintiff is entitled to injunctive relief to include ending to follow up harassment and uses of force against Plaintiff for having filed his grievances and this lawsuit in the first place.  Plaintiff further would ask the Court to enjoying the Defendant TDCJ from denying Plaintiff's requests for proper medical care and treatment of his injuries which date back to February 13, 2018.

      Plaintiff's amended complaint would also seek an injunction to prevent Defendant, TDCJ from violating his rights under the American with Disabilities Act.  As one with well-established mental and physical impairments, Plaintiff is entitled to protections under the statute as well.

      Plaintiff hereby prays that the Court grant him until August 8, 2020 to file a proper response and to amend his pleadings.  The new allegations are directly tied to the current lawsuit.  Even if the Court were to grant Defendant's motion to dismiss; Plaintiff is still entitled to sue for his newer injuries against the same Defendants as well as others.  For the sake of judicial economy; Plaintiff prays that the Court retain the current matter on its docket.  To dismiss Plaintiff's Original Complaint will serve irreparable harm upon Plaintiff who suffered extreme and ongoing injuries because of the excessive force used by the individual Defendants; which was substantiated by Defendant TDCJ.

This motion is made in good faith and in the interest of justice.  Plaintiff prays that it be granted.

Respectfully submitted by:

By: *Tanika J. Solomon*
Tanika J. Solomon
Texas Bar No. 24055713
Email:  attorney@tjsololaw.com
2120 Welch Street
Houston, Texas 77019
Tel. (713) 640-5956
Fax. (713) 640-5944

Certificate of Service

The undersigned counsel hereby certifies that a true and correct copy of the foregoing Plaintiff's Motion to Extend Time to file Opposition to Defendant's Motion to Dismiss, and Motion for Leave to mend Complaint and for Service of Process was served on all counsel of record on July 27, 2020 electronically through the CM/ECF system.

*Tanika J. Solomon*
Tanika J. Solomon
Attorney for Plaintiff, Jamon Hestand