IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JAMON HESTAND, <br> TDCJ NO. 01343536, <br>     *Plaintiff*, <br><br> v. <br><br> TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET. AL., <br>     *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br> CIVIL ACTION NO. 6:20-CV-00071 |

**MAJOR ENGE AND OFFICER NEAL'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1), (5), AND (6)**

Defendants Major Jamadre Enge and Officer Barbara Neal, acting by and through the Office of the Attorney General of the State of Texas, moves to dismiss Plaintiff Jamon Hestand's complaint. Dkt. No. 1. In support thereof, Defendants respectfully show the Court the following.

**STATEMENT OF THE CASE**

Plaintiff Jamon Hestand, TDCJ #01343536 alleges Defendants TDCJ, Major Jamadre Enge, and Officer Barbara Neal violated his rights under the Fourth, Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. Dkt. No. 1. Specifically, Hestand claims Major Enge and Officer Neal entered his cell on February 12, 2018 to investigate a fire Hestand had set. Dkt. No. 1 at ¶11. Hestand alleges his property was taken and he was never given confiscation papers in violation of his Fourth and Eighth Amendment rights. *Id.*

Later that same day, Hestand claims an unidentified group of a five-man team came to his cell. *Id.* at ¶12. Hestand alleges Major Enge sprayed him with chemical agents "way too many times." *Id.* The use of force team then managed to get Hestand's door open, after which Hestand states he was assaulted by several officers. *Id.* at ¶13. Hestand does not name Major Enge or Officer

Neal as involved in the 5-man team that entered his cell. *Id*. Hestand asserts it violated his Fourth and Eighth Amendment rights to be beaten, "without cause, by "Major Enge and several other TDCJ officers." *Id*. at ¶18.

Hestand sues Defendants in both their individual and official capacities. *Id*. at ¶8. He seeks relief in the form of $100,000 in "actual" damages. *Id*. at ¶19. Although Hestand filed his suit on February 13, 2020, he failed to serve any of the Defendants until after the Court's show cause order on May 18, 2020. Even then, Hestand did not attempt service on either Major Enge or Officer Neal until almost two months later on July 14, 2020. *See* USPS Tracking, USPS (https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9514806627010196407224) (last visited Aug. 10, 2020). Service was attempted by Hestand by sending summons via certified mail to the Michael Unit. *See* Dkt. Nos. 9, 10. Defendants now move to dismiss Hestand's claims for insufficient service of process, lack of jurisdiction, failure to state a claim and entitlement to qualified immunity.

**ARGUMENT**

**I.     THIS COURT SHOULD DISMISS HESTAND'S SUIT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5) FOR FAILURE TO PROPERLY SERVE DEFENDANTS.[1]**

"Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). When service of process is challenged by a defendant, the serving party bears the burden of proving that valid service has been achieved on the defendant. *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). A district court

---

[1] Federal Rule of Civil Procedure 12(b) provides that jurisdictional defenses such as insufficiency of service of process are not "waived by being joined with one or more other defenses or objections in a responsive pleading or motion."

"enjoys a broad discretion in determining whether" a plaintiff has met this burden. *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

When a defendant is an individual within a judicial district of the United States, service upon them is governed by Federal Rule of Civil Procedure 4(e). "Pursuant to that rule, service of process may be effected by…serving the defendant pursuant to the laws of the state in which he is located, in this case Texas." *Id*. Under Texas law, service of process may be affected by personal service upon the defendant or by mailing the service documents to the defendant by certified mail, return receipt requested. Tex. R. Civ. P. 106(a). If service by one of those two methods fails, Texas law allows for substituted service upon a motion supported by an affidavit by leaving a copy of the service documents at the defendant's residence or place of business or in any other manner deemed to be reasonably effective to give the defendant notice. Tex. R. Civ. P. 106(b).

Although Hestand attempted to serve Major Enge and Officer Neal by certified mail, the certified mail receipts attached to the returns of service were signed by a Macie Weir, not Defendants. Dkt. Nos. 9, 10. As Texas law requires a return of service to include a certified mail receipt signed by the addressee when service is effected by certified mail, none of the defendants were properly served by certified mail. *See* Tex. R. Civ. P. 107; *see also Ramirez v. Consol. HGM Corp.*, 124 S.W.3d 914, 916 (Tex.App.—Amarillo 2004, no pet.).

Moreover, the validity of service depends on whether person that sent the summons via certified mail was authorized to serve process under Texas Rule 103. Texas Rule 103 states that service may only be made by persons authorized by law or court order who are not "a party to or interested in the outcome of a suit." Tex. R. Civ. P. 103. Rule 103 also provides: "Service by registered or certified mail and citation by publication must, if requested, be made by the clerk of

the court in which the case is pending." *Id*. Given this, many courts, including this one, have concluded that this language allows only the clerk of court and no other persons to serve by certified mail. *See, e.g., Davis v. G.E. Money Bank*, 2:10-CV-473-TJW-CE, 2011 WL 13323924, at *1 (E.D. Tex. Aug. 4, 2011) ("only the clerk of the court may serve process [via certified mail, return receipt requested]"); *Dickey v. State Farm Bank*, F.S.B., CV H-18-770, 2018 WL 2454159, at *6 (S.D. Tex. May 10, 2018) ("Even though Texas permits service of process via certified mail, return receipt requested, only the clerk of the court may serve process in this manner").

The returns of service filed with the court do not state that Hestand's process server, Everett Von Moore, is a private process server. See Dkt. No. 9, 10. They also do not demonstrate that Von Moore is authorized by law or court to serve the defendants. Because Hestand has failed to satisfy his burden to show that the defendants were served by a proper person using a proper method, service on Defendants was not properly effected. *See Sys. Signs Supplies*, 903 F.2d at 1013 (plaintiff bears the burden to show that service was proper). This suit against defendants, filed over 120 days before service was even attempted, should therefore be dismissed. *See* Fed.R.Civ.P. 4(m) (Stating a court may dismiss an action without prejudice "[i]f a defendant is not served within 120 days after the complaint is filed").

II.   **DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1).**

Hestand sues Defendants in their official capacities. ECF No. 1 at ¶8. Hestand also seeks $100,000 in monetary damages against Defendants. *Id*. at ¶19. To the extent Hestand sues Defendants in their official capacities for monetary damages, the Eleventh Amendment precludes such claims. A suit against a state official in his or her official capacity is no different than a suit against the State itself. *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989). Neither a State

nor its officials are "persons" under § 1983. *Id.* The Eleventh Amendment bar against monetary damages in federal court remains in effect when state officials are sued for damages in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). This Court lacks jurisdiction to hear the instant case because the Eleventh Amendment bars claims for money damages against Defendants who have been sued in their official capacities.

### III. DEFENDANTS MOVES TO DISMISS HESTAND'S CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests only the formal sufficiency of the statement of a claim for relief and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied, 536 U.S. 960 (2002). "[T]he plaintiff's complaint [must] be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged." *Id.* (*citing Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff, it need not accept plaintiff's *legal conclusions* as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (emphasis added). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.*

The Fifth Circuit will not find that this Court abused its discretion in refusing to allow further leave to amend a plaintiff's complaint if that leave has previously been granted. *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). Granting leave to amend is not required, if the plaintiff has already pleaded his "best case." *Id.* Where the plaintiff "gives no indication that he did not

plead his best case" and fails "state any material facts he would have included in an amended complaint," dismissal with prejudice is warranted. *Id.*

Even assuming the facts alleged in Hestand's complaint as true, Hestand fails to state a claim for relief under the Fourth or Eighth Amendment. Because, as shown below, Hestand has clearly pled his best case, no leave to amend need be granted and this Court should dismiss with prejudice if it denies Defendants' motion to dismiss on jurisdictional grounds.

### A. Hestand's Use of Force Claim Should be Dismissed.

When prison officials are accused of using excessive physical force in a manner which violates the Cruel and Unusual Punishment Clause of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline or, maliciously and sadistically for the very purpose of causing harm. *Hudson v. McMillian* ("*Hudson I*"), 503 U.S. 1, 6 (1992). In *Hudson*, several factors are used to determine whether unnecessary and wanton infliction of pain was used in violation of a plaintiff's rights. *See id.* And "'[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional right.'" *Id.* at 9 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973)).

The *Hudson* factors include: a) the extent of the injury suffered; b) the need for the application of force; c) the relationship between the need and the amount of force used; d) the threat reasonably perceived by the responsible officials; and, e) any efforts made to temper the severity of a forceful response. *Hudson v. McMillian* ("*Hudson II*"), 962 F.2d 522, 523 (5th Cir. 1992). Therefore, "[t]he amount of force that is constitutionally permissible . . . must be judged by the context in which that force is deployed." *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996).

Hestand brings suit for injuries sustained during a use of force against him on February 12, 2018. Dkt. No. 1. But Hestand's asserted facts do not suffice to state a claim against either Major Enge or Officer Neal for the alleged injuries he sustained during that use of force. Given this, Hestand's claims against Defendants should be dismissed.

### 1. *Hestand's claim that Major Enge used pepper spray on him does not serve to sustain an excessive use of force claim.*

The only action Hestand attributes to Major Enge in the course of the use of force at issue in this suit is using "chemical agents" on Hestand prior to officers managing to get his cell door open. Dkt. No. 1 at ¶12. Courts have held the normal effects of being sprayed with chemical agents are de minimis. *See, e.g., Martinez v. Nueces County, Texas*, civil action no. 2:13cv178, 2015 WL 65200 (S.D. Tex., January 5, 2005) (simply being pepper sprayed, without some long term effects, is a de minimis injury), *aff'd sub nom. Martinez v. Day*, 639 F.App'x 278 (5th Cir. May 12, 2016) (defendants entitled to summary judgment on plaintiffs' claims of excessive force, including tasing and pepper spray, where there was no evidence of cognizable injuries); *Williams v. U.S.*, civil action no. 4:08cv2350, 2009 WL 3459873 (S.D. Tex., August 12, 2011) (claim of "severe bruising and scrapes upon his body" and "extreme pain from being kicked and sprayed in the eyes with pepper spray" were de minimis ); *Oakley v. Weaver*, 162 F.3d 1159, 1998 WL 792669 (5th Cir. November 2, 1998) (use of pepper spray during an arrest was not excessive force).

Other than stating the chemical agents were sprayed "too many times" causing him to be confused, Hestand does not allege he suffered any harm or physical injuries as a result of the use of chemical agents. Dkt. No. 1 at ¶12. Hestand does not allege that Major Enge took part in any of the other portions of the use of force. *See id.* at ¶13. And an excessive use of force claim cannot survive against Major Enge for actions taken by other, non-party officers absent the allegation of

facts that give rise to a bystander liability claim.[2] As Hestand's claim of excessive force for use of chemical agents that did not cause him any cognizable injury cannot survive, this claim against Major Enge should be dismissed. *Luciano v. Galindo*, 944 F.2d 261 (5th Cir. 1991) (holding that, to sustain an excessive force claim, an offender must prove significant injury that "resulted *directly* and *only* from use of force that was clearly excessive to need.") (emphasis added).

### 2. *Hestand fails to properly allege Officer Neal's personal involvement in the use of force.*

In order to properly allege violation of a constitutional right under 42 U.S.C. § 1983, the plaintiff must state facts demonstrating the defendant's participation in the alleged wrong. *See Roberts v. City of Shreveport*, 397 F.3d 287, 291–92 (5th Cir.2005); *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir.1992) ("a plaintiff bringing a section 1983 action must specify the personal involvement of each defendant"). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. L.A. Steele*, 709 F.2d 381, 382 (5th Cir. 1983), cert. denied, 464 U.S. 897 (1983) (affirmative link needed between injury and conduct of defendant). Hence, to avoid dismissal, the complaint must contain facts indicating that the defendant was personally involved in the civil rights violation. *See Pechon v. La. Dep't of Health & Hosps.*, 368 Fed.Appx. 606, 610 (5th Cir. 2010). In order to satisfy this requirement, the plaintiff must allege either that the defendant "was personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of the [defendant] and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

---

[2] Bystander liability is shown only where the plaintiff states facts that show "the officer '(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.'" *Coleman v. Fox*, 1:14-CV-672, 2018 WL 2771563, at *19 (E.D. Tex. Feb. 27, 2018), report and recommendation adopted, 1:14-CV-672, 2018 WL 2762052 (E.D. Tex. June 12, 2018) (citing *Whitley v. Hanna,* 726 F.3d 631, 646 (5th Cir. 2013)).

Although Hestand appears to bring his excessive use of force claim against "Defendants" (Dkt. No. 1 at ¶17), none of the other facts Hestand alleges indicate what actions Officer Neal took to use excessive force against him (*id.* at ¶¶12-13, 18). Hestand does not even allege Officer Neal was present during the use of force. *See id.* Where Officer Neal was not personally involved in the excessive use of force, this cause of action cannot survive against her.

### B. Hestand Fails to State a Claim Under the Fourth or Eighth Amendments for Deprivation of Personal Property.

Hestand claims Defendants violated "his 4th, and 8th Amendment Right to be free from Cruel and Unusual Punishment that was not a part of his original conviction and sentence when Plaintiff's cell was rummaged and things were taken and never accounted for."[3] Dkt. No. 1 at ¶15. These allegations are insufficient to state a constitutional claim. To the extent Hestand argues that Defendants' conduct violated his Fourth Amendment right to be free from an illegal search and seizure, this claim must fail because plaintiff is in prison, and as such, he is no longer guaranteed the protections of the Fourth Amendment. *See Hudson v. Palmer*, 468 U.S. 517, 538-39 (1984) ("Since the exigencies of prison life authorize officials indefinitely to dispossess inmates of their possessions without specific reason, any losses that occur while the property is in official custody are simply not redressable by Fourth Amendment litigation.... The Due Process and Taking Clauses of the Fifth and Fourteenth Amendments stand directly in opposition to state action intended to deprive people of their legally protected interests. These constitutional protections against the deprivation of private property do not abate at the time of imprisonment.")

---

[3] Plaintiff also claims Defendants "violate[d] Plaintiff's rights in that they did not follow the proper TDCJ procedure in the search and seizure of the property of Plaintiff." Dkt. No. 1 at ¶16. Even if true, however, the mere failure of prison authorities to follow prison rules and regulations does not, without more, give rise to a constitutional violation. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982).

Nor does Hestand's claim of deprivation of property survive as an Eighth Amendment claim. The Supreme Court of the United States has "specified that the Eighth Amendment does not apply to every deprivation, or even every unnecessary deprivation, suffered by a prisoner, but only that narrow class of deprivations involving 'serious' injury inflicted by prison officials acting with a culpable state of mind." *Hudson, supra*, 503 U.S., at 20 (THOMAS, J., dissenting). The Eighth Amendment is not a proper cause of action for a deprivation of property claim, no matter how unwarranted the inmate believes the property search was. *Id.* at 530. "[I]t is of no consequence whether [the inmate] alleges a deprivation of property by negligence or intent; in neither instance does he state a valid § 1983 action for deprivation of property." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

### C.  Defendants Are Entitled to Qualified Immunity.

Hestand's claims do not overcome Defendants' entitlement to qualified immunity. Government employees sued in their individual capacities are presumptively entitled to the defense of qualified immunity. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992). The typical summary judgment burden of proof is altered when an official pleads the defense of qualified immunity. *Gates v. Texas Dep't of Protective and Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008). Once the official pleads his good faith, the burden shifts to the plaintiff to establish that the official's allegedly wrongful conduct violated clearly established law. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). The plaintiff must demonstrate genuine issues of material fact regarding the reasonableness of the official's conduct. *Id.*

Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). A plaintiff fails to satisfy his burden

with conclusory allegations of wrongdoing. *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988). In determining whether the plaintiff has successfully overcome the qualified immunity defense, the court must first determine if the plaintiff has alleged the violation of any constitutional right. *Siegert v. Gilley*, 500 U.S. 226, 232-34 (1991). If the plaintiff has not done so, the court need not further address the question of qualified immunity. *Id.*

As set out above, Hestand has not cleared the first hurdle as he fails to demonstrate any constitutional violation by Defendants, and thus, her entitlement to qualified immunity remains intact. However, if the court finds that the plaintiff has alleged the violation of a clearly established constitutional right, the court still must determine if the defendant's action was "objectively reasonable." *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir. 1993). For this determination, the court looks to whether the defendant's action was objectively reasonable, "assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639-640 (1987); *Spann*, 987 F.2d at 1114.

Whether an official's conduct was objectively reasonable is a question of law for the court, not a matter of fact for the jury. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999). "Clearly established law" should not be defined at a high level of generality. *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). To be clearly established for purposes of qualified immunity, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008). "The defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson v. Upshur Cty, TX*, 245 F.3d 447, 457 (5th

Cir. 2001) (emphasis in the original). In essence, it is the plaintiff's burden to allege facts sufficient to demonstrate that *no reasonable officer* could have believed his actions were proper. *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994).

Hestand cannot demonstrate that any of the actions he attributes to either Major Enge or Officer Neal violated clearly established law. It does not violate clearly established law to search and confiscate an offender's property. And an "isolated, single use of pepper spray" also does not violate clearly established law. *McCoy v. Alamu*, 950 F.3d 226, 233 (5th Cir. 2020)

## Conclusion

For the foregoing reasons, Major Enge and Officer Neal respectfully ask that this Court dismiss Hestand's claims against them with prejudice.

Respectfully Submitted.

**Ken Paxton**
Attorney General of Texas

**Jeffrey C. Mateer**
First Assistant Attorney General

**Ryan L. Bangert**
Deputy First Assistant Attorney General

**Darren L. McCarty**
Deputy Attorney General for Civil Litigation

**Shanna E. Molinare**
Division Chief
Law Enforcement Defense Division

/s/ Courtney Corbello
**COURTNEY CORBELLO**
Assistant Attorney General
Texas State Bar No. 24097533
courtney.corbello@oag.texas.gov

**OFFICE OF THE ATTORNEY GENERAL**
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9410 (Fax)
**ATTORNEYS FOR MAJOR ENGE AND OFFICER NEAL**

## NOTICE OF ELECTRONIC FILING

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Eastern District of Texas on August 11, 2020.

/s/ Courtney Corbello
**COURTNEY CORBELLO**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served directly to all counsel on record by the Electronic Case Files System of the Eastern District of Texas on August 11, 2020.

/s/ Courtney Corbello
**COURTNEY CORBELLO**
Assistant Attorney General