# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

JAMON HESTAND,                                  §
        PLAINTIFF                     §
                                               §
 V.                                            §          CASE NUMBER 6:20-CV-00071
                                               §
CAPTAIN, JAMADRE ENGE                           §
CAPTAIN, CAPTAIN, OLIN C. STATHAM, JR.          §
CAPTAIN, CAPTAIN, JASON M. GOULD                §
CHAPLAIN, SAMUEL C. ARCIPRESTE                  §
CHAPLAIN, RANDALL S. CLARKE                     §
CHAPLAIN, THOMAS R. TAYLOR                      §
CORRECTIONS INSTITUTION DIVISION                §
DIRECTOR,                                       §
BOBBY LUMPKIN                                   §
FORMER CORRECTIONS INSTITUTION                  §
DIVISION DIRECTOR,                              §
LORIE DAVIS                                     §
CORRECTIONS OFFICER, VICTOR V. AFUN             §
CORRECTIONS OFFICER, BARBARA NEAL               §
CORRECTIONS OFFICER, AGUILAR                    §
CORRECTIONS OFFICER, MICHAEL O.                 §
CASTEEL,                                        §
CORRECTIONS OFFICER, LOURENS A.                 §
JACKSON                                         §
CORRECTIONS OFFICER, IAN DAVIS                  §
CORRECTIONS OFFICER, KIMBERLY D.                §
THOMPSON                                        §
CORRECTIONS OFFICER, OBADINA S.                 §
OMAKA                                           §
CORRECTIONS OFFICER, OLADIPO OLUFEMI §
DIRECTOR OF CLASSIFICATION, MARK                §
SANDLIN                                         §
DOCTOR, GARY WRIGHT                             §
GRIEVANCE INVESTIGATOR, TAMMY L.                §
RAINEY                                          §
GRIEVANCE INVESTIGATOR, BRITTANI F.             §
RODRIGUEZ                                       §
GRIEVANCE INVESTIGATOR, MELISSA B. VIXHA
GRIEVANCE INVESTIGATOR, MONTE P. NABORS
GRIEVANCE INVESTIGATOR, DEBBIE L. POOLE
GRIEVANCE INVESTIGATOR, D. RODEN                §
GRIEVANCE INVESTIGATOR, J. PETERSON             §
GRIEVANCE INVESTIGATOR, T. VASSILICO            §

GRIEVANCE INVESTIGATOR, KATHY GREY                    §
GRIEVANCE INVESTIGATOR, KHARI MOTT                    §
GRIEVANCE INVESTIGATOR, ANDREY VASLJEV               §
GRIEVANCE INVESTIGATOR, DAWN M. HUFFMAN  §
GRIEVANCE INVESTIGATOR, RACHEL R. ROWLAND
GRIEVANCE INVESTIGATOR, B. BARNETT                    §
GRIEVANCE INVESTIGATOR, M. BLALOCK                    §
GRIEVANCE INVESTIGATOR, M. LEWANDOWSKI               §
GRIEVANCE INVESTIGATOR, I-0352                        §
GRIEVANCE INVESTIGATOR, B. HOWARD                     §
GRIEVANCE INVESTIGATOR, J. SMITH                      §
GRIEVANCE INVESTIGATOR, C. MCKELLEN                   §
GRIEVANCE INVESTIGATOR, TIMOTHY C. JONES             §
GRIEVANCE INVESTIGATOR, S. GURROLA                    §
GRIEVANCE INVESTIGATOR, C. MARTINEZ                   §
GRIEVANCE INVESTIGATOR, K. WARD                       §
GRIEVANCE INVESTIGATOR, JESSICA RILEY                 §
GRIEVANCE INVESTIGATOR, V. BARROW                     §
GRIEVANCE INVESTIGATOR, I-0964 OIG                    §
GRIEVANCE INVESTIGATOR, M. TRAVIS                     §
GRIEVANCE INVESTIGATOR, H. YARBROUGH                  §
GRIEVANCE INVESTIGATOR, V. BARNES                     §
GRIEVANCE INVESTIGATOR, B. FERGUSON                   §
GRIEVANCE INVESTIGATOR, H.M. PEDERSON                 §
GRIEVANCE INVESTIGATOR, JESSICA BACK                  §
GRIEVANCE SUPERVISOR, MARGARET M. PRICE              §
LIEUTENANT, GWENDOLYN R. FULLER                       §
LIEUTENANT, SHERRELL D. MCCOY                         §
LIEUTENANT, SHAYNA M. MCARTHUR                        §
LIEUTENANT, ERIK. L. BRANNAN                          §
LIEUTENANT, VERNON L. ALLEN                           §
LIEUTENANT, DEREK W. LIGHT                            §
LIEUTENANT (NOW SERGEANT), ELDRICK                    §
BIRDOW                                               §
MAILROOM SUPERVISOR, AMY E. MCCALISTER               §
MAJOR, TODD R. FUNAI                                  §
MAJOR, TIMOTHY FITZPATRICK                            §
MAJOR, SEAN F. MARSHALL                               §
MAJOR, GUILLERMO M. DELAROSA                          §
MHPM, DAVID STEBBINS, MD                              §
PROVIDER, ROSEMARY OFILI                              §
SARGENT, COLLINS K. SINTIM                            §
SARGENT, CARLOS U. DURAN                              §
SARGENT, PRINCE C. HALL                               §
SERGEANT, ADESANNYA S. ADENIRAN                       §
SERGEANT, CODY J. GARNER                              §

SERGEANT, ABBIE G, ANDREWS                                    §
SERGEANT, DANIEL R. JETT                                      §
SERGEANT, CHASE R. JOHNSON                                    §
SERGEANT, FRANCIS KYEI                                        §
SERGEANT, KAMRY D. KINDER                                     §
SERGEANT, RAHNESIA L. MULLINS                                 §
SERGEANT, SERGEANT MABLE G. SWEAT                             §
SERGEANT, FRANKLIN G. NZERIBE                                 §
SERGEANT, SERGEANT JOHN H, HOLMES, III §
FORMER TEXAS BOARD OF CRIMINAL                                §
JUSTICE CHAIRMAN,                                             §
DALE WAINWRIGHT                                               §
TEXAS BOARD OF CRIMINAL JUSTICE                               §
CHAIRMAN,                                                     §
PATRICK O'DANIEL                                              §
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,                         §
EXECUTIVE                                                     §
DIRECTOR, BRIAN COLLIER                                       §
WARDEN, DEBORAH G. COCKRELL                                   §
WARDEN, PENNIE R. KEMPT                                       §
WARDEN (NOW ASSISTANT WARDEN),                                §
CHARLES O.                                                    §
MEADOR, WARDEN (NOW DIRECTOR II),                             §
CAROL E. MONROE, JR.                                          §
                      DEFENDANTS.

## PLAINTIFF'S AMENDED COMPLAINT AND
## RESPONSE TO DEFENDANT'S MOTION TO DISMISS

**COMES NOW, JAMON HESTAND,** Plaintiff in above styled and numbered cause and

amends his lawsuit against the above-named Defendants and for cause of action herein, Plaintiff

would show unto this Court the following:

I.
## PARTIES TO THE SUIT

1.      The incident(s) that formed the grounds for this action took place while Plaintiff was an

offender, assigned to the Michael Unit, his current address is as follows:

> Jamon Hestand TDCJ-ID #1343536
> Michael Unit 2664 FM 2054
> Tennessee Colony, TX 75886

---

2.      Defendants in this suit are described as follows; and have been served with waivers of service of summons and notice of a lawsuit and request to waive service of a summons on January 18, 2021.

| | | | |
|---|---|---|---|
| Captain | Jamadre Enge | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Captain | Olin C. Statham, Jr. | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Captain | Jason M. Gould | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Chaplain | Samuel C. Arcipreste | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Chaplain | Randall S. Clarke | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Chaplain | Thomas R. Taylor | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Corrections Institution Division Director | Bobby Lumpkin | Texas Department of Criminal Justice Correctional Institutions Division PO Box 99 | Huntsville, TX 77342-0099 |
| Former Corrections Institution Division Director | Lorie Davis | Texas Department of Criminal Justice Correctional Institutions Division PO Box 99 | Huntsville, TX 77342-0099 |
| Corrections Officer | Victor V. Afun | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Corrections Officer | Barbara Neal | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Corrections Officer | Aguilar | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Corrections Officer | Michael O. Casteel, | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Corrections Officer | Lourens A. Jackson | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Corrections Officer | Ian Davis | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Corrections Officer | Kimberly D. Thompson | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Corrections Officer | Obadina S. Omaka | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |

| | | | |
|---|---|---|---|
| Corrections Officer | Oladipo Olufemi | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Director of Classification | Mark Sandlin | Texas Department of Criminal Justice PO Box 99 | Huntsville, Texas 77320 |
| Doctor | Gary Wright | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | Tammy L. Rainey | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | Brittani F. Rodriguez | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | Melissa B. Vixha | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | Monte P. Nabors | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | Debbie L. Poole | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | D. Roden | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | J. Peterson | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | T. Vassilico | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | Kathy Grey | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | Khari Mott | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | Andrey Vasljev | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | Dawn M. Huffman | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | Rachel R. Rowland | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | B. Barnett | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | M. Blalock | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | M. Lewandowski | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | I-0352 | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | B. Howard | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |

| | | | |
|---|---|---|---|
| Grievance Investigator | J. Smith | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | C. McKellen | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | Timothy C. Jones | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | S. Gurrola | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | C. Martinez | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | K. Ward | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | Jessica Riley | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | V. Barrow | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | I-0964 OIG | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | M. Travis | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | H. Yarbrough | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | V. Barnes | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | B. Ferguson | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | H.M. Pederson | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Investigator | Jessica Back | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Grievance Supervisor | Margaret M. Price | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Lieutenant | Gwendolyn R. Fuller | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Lieutenant | Sherrell D. McCoy | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Lieutenant | Shayna M. McArthur | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Lieutenant | Erik. L. Brannan | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Lieutenant | Vernon L. Allen | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Lieutenant | Derek W. Light | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Lieutenant (Now Sergeant) | Eldrick Birdow | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |

| | | | |
|---|---|---|---|
| Mailroom Supervisor | Amy E. McCalister | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Major | Todd R. Funai | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Major | Timothy Fitzpatrick | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Major | Sean F. Marshall | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Major | Guillermo M. Delarosa | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| MHPM | David Stebbins, MD | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Provider | Rosemary Ofili | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Sargent | Collins K. Sintim | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Sargent | Carlos U. Duran | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Sargent | Prince C. Hall | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Sergeant | Adesannya S. Adeniran | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Sergeant | Cody J. Garner | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Sergeant | Abbie G, Andrews | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Sergeant | Daniel R. Jett | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Sergeant | Chase R. Johnson | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Sergeant | Francis Kyei | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Sergeant | Kamry D. Kinder | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Sergeant | Rahnesia L. Mullins | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Sergeant | Mable G. Sweat | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Sergeant | Franklin G. Nzeribe | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Sergeant | John H, Holmes, III | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Former Texas Board of Criminal Justice Chairman | Dale Wainwright | Texas Board of Criminal Justice PO Box 13084 | Austin, Texas 78711 |

| | | Texas Board of Criminal Justice | |
|---|---|---|---|
| Texas Board of Criminal Justice Chairman | Patrick O'Daniel | PO Box 13084 209 West 14th Street, 5th | Austin, Texas 78711 |
| Texas Department of Criminal Justice, Executive Director | Brian Collier | Floor Price Daniel Building | Austin, TX 78701 |
| Warden | Deborah G. Cockrell | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Warden | Pennie R. Kempt | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Warden (Now Assistant Warden) | Charles O. Meador | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |
| Warden (Now Director II) | Carol E. Monroe, Jr. | Michael Unit 2664 FM 2054 | Huntsville, Texas 77320 |

## II.
## JURISDICTION AND VENUE

3.      Jurisdiction is conferred upon this court by 28 U.S.C., §1331 which authorizes federal courts to decide cases concerning federal questions, and by 28 U.S.C., 1343(a) which authorizes federal courts to hear actions brought under 42 U.S.C. §1983 [hereinafter 1983]; 42 U.S.C. §1985 [hereinafter 1985]; and 42 U.S.C., §1986 [hereinafter 1986]. Sections 1983, 1985, and 1986, individually and collectively affords a basis for any citizen to present a cognizable claim for relief not only against state action if, as a result of state action, the citizen has been deprived of any right, privilege or immunity secured by the United States Constitution, and the laws of the United States.

4.      However, when two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly,  indirectly, any person or class of persons of the Equal Protection of the Laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or securing to

all persons within such State or Territory of equal protection of the laws, or when any person having knowledge that any of the wrongs conspired to be done, and mentioned in Section 1985 of this Title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglect or refuses to do so... shall be liable to the injured. 28 U.S.C. §1332 provides this court with jurisdictional authority based upon Supreme Court holdings that a "principal place of business" or "nerve center" is usually a "main headquarters" place in which business is conducted and where a corporation's officers direct, control and coordinate the corporate activities.

5.     Plaintiff does not initially seek his release from incarceration; instead, he seeks monetary and nominal damages, and punitive damages with declaratory relief through 1983 exclusively for physical and mental injuries and sufferings of pains caused by the sadistically and intentional infliction of bodily injury, and the deprivation of constitutional rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

6.     Plaintiff asserts that defendants named and titled herein, and those in which may be added through the court's permission to make necessary supplemental amendment to plaintiff's original complaint, acted singly, jointly, and severally to deprive plaintiff of his liberty interests, right to be free from "cruel and unusual punishment" that was not part of his original conviction and sentence for the offense committed against the state; and also, defendants acted in an illegal manner to prevent plaintiff from exercising his right to file a civil rights complaint against defendants, by writing false and misleading disciplinary reports against plaintiff, then punishing him as a result of such false and misleading disciplinary violation.

7.     Furthermore, defendant was subjected to threats, retaliation, and harassment because he notified his family about the incident, along with his intent to file a Civil Rights Complaint

against the defendants for their arbitrary and sadistic acts and conduct; more specifically, the actions of each of the named defendants for their attempts to conceal, hinder, and prevent plaintiff from filing such complaint with the federal court.

8.      While declaratory relief provided by 1983 enables plaintiff to establish the violation of liberty interests, due process or equal protection rights, privileges, or immunities, and 1985, the defendants acted in concert (one with the other) to deprive plaintiff of said rights, privileges or immunities; or 1986, that certain defendants having an opportunity and/or obligation to prevent and/or take protective measures or preventive actions to report and prevent such illegal actions, failed to do so; thus, condoning the actions and injuries, sufferings, harms, damages and punishments of the plaintiff which were caused by fellow employees/officers for the purpose of covering up, concealing and hindering the real facts from reaching outside agencies, courts, or other governmental officials.

9.      Subject to the defendants upon a ruling in plaintiffs favor upon the due process and equal protection claims for the defendants' failure to abide by State and Federal laws, TDCJ Rules, Regulations, and Policies, Supreme Court decisions, and the deprivation of rights, privileges, and immunities secured under the Texas and United States Constitution(s) and laws; by their willful, intentional and purposeful illegal acts of depriving, impeding, hindering and refusing to correct, remedy or defend, aid in the unlawful actions while conspiring one with the other to further an unlawful act while acting under the color of state law and/or employment in their official capacities, and having common knowledge that such sadistic acts and conduct is unjustifiable and senseless that is against the conscience of modern day society.

10.     The principle of pendent jurisdiction is further engaged to accommodate plaintiff's claims of bad faith. No federal question can be raised by a claim for bad faith. However, once a predicate

injury in the form of a constitutional violation has been established and validated, this court's pendent jurisdiction permits consideration of a claim for bad faith and its Michael Unit, located in Tennessee Colony, Anderson County, Texas; and plaintiff is presently confined at that Unit. Therefore, venue is appropriate in this matter pursuant to Title 28 U.S.C., §1391 (b) (1).

III.
**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11.     Plaintiff has exhausted all available administrative remedies before asserting his claim under federal law challenging prison conditions pursuant to  (42 U.S.C. § 1997e(A)).  Further, Plaintiff alleges that Administrative remedies have not been made "available" as defined by (42 U.S.C. § 1997e(a)); and that the Court may excuse any failure to exhaust if it determines that administrative remedies were unavailable. The US Supreme Court defines available as being capable of use (*Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016)). An administrative procedure is unavailable or incapable of use when it operates as a dead end, where officers are unable or consistently unwilling to provide any relief to aggrieved prisoners.

12.     From February 12, 2020 to January 2021; Plaintiff has filed more than 165 grievances that can be accounted for in his possession.  Many more have been disregarded, stolen, destroyed or simply not returned by prison officials. Following his 2018 Use of Force against him, Plaintiff files 122 grievances demanding protection from future attacks and to be moved to a new unit; request for medical care for the injuries sustained.  Throughout 2019 Plaintiff sought relief from the poor conditions of confinement, including the inadequate medical care, and retaliation against him.  Following his 2020 consecutive assaults and the bogus Assault against a public servant criminal case filed against him; Plaintiff sought administrative relief through the TDCJ grievance process to no avail.  Plaintiff has not attached his hundreds of grievance sheets to this Complaint. However, he fully intends to produce them during his initial disclosures.

# IV.
## FACTS

### FEBRUARY 13, 2018 USE OF FORCE AGAINST PLAINTIFF

13.     On February 13, 2018, before lunch time, Captain Enge and Officer B. Neal went into

Plaintiff's cell and proceeded to throw Plaintiff's personal items from one side of the cell to the

other. They placed some property in a large bedding sheet and came out of the cell. Captain Enge

told Plaintiff he was taking the property to investigate whether a fire had been set by Plaintiff.

Plaintiff made no admission of setting such a fire; and Defendant Enge did not offer evidence of

Plaintiff's setting a fire at the time of the threat. When Defendant took the property, neither he

nor any other TDCJ employee, gave Plaintiff any property confiscation papers for the property

that had been taken from Plaintiff's cell.

14.     Plaintiff was also advised that after this theft of property, Captain Eng instructed other

officers on the cell block not to feed Plaintiff that day; and they did not.

15.     At approximately 2:30 p.m. on February 13, 2018, Captain Enge, along with a 5-Man

Team entered Plaintiff's cell at 12 Building A-Pod-78 Cell. Captain Enge sprayed Plaintiff with

chemical agents in rapid succession and with such force that Plaintiff was unable to stand, breath,

follow instructions; and was severely injured as a result. This made it impossible for Plaintiff to

hear or comprehend the orders he was given.

16.     This 5- Man team included Officer Aguilar, Officer Castile, Officer Lourens A. Jackson,

Officer Davis, and Sergeant Garner.  The 5-man team was also accompanied by Officer Kimberly

Thompson who operated the video recording of the use of force.  Nurse Robert Gage was also

present throughout much of the assault. The team ran in and slammed Plaintiff into the wall and

floor with such force that Plaintiff's ribs were broken, his back and neck severely injured, he

suffered broken blood vessels in his eye, a head concussion, a large open wound to the side and back of his head, a broken leg, and fractured knee.

17.     Immediately upon entry into Plaintiff's cell, Defendants named in this incident opened Plaintiff's door, they slammed Plaintiff to the ground face down and immediately was attacked by the first man in the cell, whom Plaintiff identifies as Defendant Jamadre Eng.  A second Defendant crammed his fingers into both of Plaintiff's eyes and causing the blood vessels in his eyes to burst.  Plaintiff suffered extreme pain.  At that point Plaintiff was completely blinded. One of identified members of the 5-man team or Captain Jamadre Eng himself proceeded to slam the right side of Plaintiff's head into the steel toilet/sink repeatedly, which caused blood to flow from Plaintiff's head and caused severe pain.  At the same time, someone else behind Plaintiff twisted his right leg until it was injured.  At the same time, yet another of the named TDCJ officers twisted Plaintiff's thumb as if to try to break them both off.  Defendants injured Plaintiff's right hand by twisting and bending it.  Plaintiffs endured punches, bruises and kicks about the torso.

18.     During this same assault, one of the named members of the 5-man team proceeded to punch Plaintiff repeatedly in the back of his head with his fist, smashing his forehead into the concrete floor repeatedly. All the while, yet another of the named TDCJ officers repeatedly shouted for Plaintiff to "Stop resisting!" This in spite of the fact that Plaintiff was physically unable to resist or move on his own even if he tried die to the number of people pulling his extremities in opposite directions; and beating him about the head.

19.     Once the 5 named Defendants along Captain Jamadre Eng stopped physically assaulting Plaintiff; they forced him from his cell.  Plaintiff's right knee gave out from his injury as he tried to walk down the stairs.  Thus, the officers had to carry Plaintiff out of the area by stretcher. The

nurse who was present throughout, evaluated Plaintiff and released him to security. Plaintiff was dropped onto the floor and thereby furthering injuries, especially to his back.

20.     Another of the named defendants (Plaintiff cannot specifically identify which because his back was turned to the officers at the time; but he is certain of the identities of those officers who were present in his cell); slammed plaintiffs head into the floor and the wall several times his head was also slammed into a steel toilet sink at the right side of his head causing bleeding and serious pain a third of the named and back two officers standing behind plaintiff smashed him in the back of the head forcing his forehead concrete floor the others brutality abused and assaulted him from the front plaintiff.  Plaintiff prayed for his life to be spared the entire time.

21.     Plaintiff was limp and did not fight back however the officers in the team inside of the sale continue to yell out loud for Plaintiff to "Stop resisting!" Plaintiff contends that at no time did he ever resist plaintiff was so brutally beaten and battered that he was carried down the stairs because he was unable to walk due to the damage to his knee his inability to see and the injury to his head which caused severe disorientation ultimately plaintiff was placed on a stretcher and nurse Robert Gage was allowed to evaluate him however nurse Gage merely asked plaintiff whether he had in fact suffered any injuries and plaintiff described his injuries in detail.

22.     Defendant, Nurse Robert Gage however, ignored plaintiff and released Plaintiff back to the dorm area rather than ordering Plaintiff to be taken to the Infirmary or to ship him to proper medical treatment at a hospital.  Instead, Plaintiff was thrown into a cell and placed on suicide watch.  Plaintiff remained blinded by the chemical agents and in serious pain for several days thereafter.

23.     Approximately 10 hours after this use of force plaintiff was finally taken to medical around midnight on a stretcher. Plaintiff was able to open his eyes slightly however his blood

vessels were busted. Plaintiff's right hand was swollen. Plaintiff's ribs and right knee were broken.

24.     Plaintiff was not able to use his hand or his leg at all. Plaintiff suffered a bulging eardrum. Plaintiff's head was swollen on the front and the right side along with the back. The back of his head and right side of his skull were still bleeding. Plaintiffs pulse was irregular. Plaintiff's eyes were blackened and swollen. Plaintiff shook about his body uncontrollably. Plaintiff was disoriented. Plaintiff struggled to breathe. Ultimately, he was transported to the Palestine Regional Hospital where a cat scan was performed. Plaintiff was not given anything for pain for the broken ribs knee hand or back plaintiff was shipped back to his unit on a regular transport van in serious pain with severe injuries.

25.     Once plaintiff had returned to the Michaels unit which was approximately 16 hours after the original assault, he was given ibuprofen for pain plaintiff was given crutches and an X Ray were ordered. The X Ray revealed broken ribs the X Ray revealed that plaintiff's knee which had previously been injured was now reinjured plaintiff continues to suffer from the lungs puncturing his ribs even to date as he breathes. Plaintiff continues to hear ringing in a piercing sound in his ears which never or seldom ceases. Plaintiff suffers pain along the base of his spine.

26.     Plaintiff could not sit for long, he could not stand for long, he could not lay or sleep for any length of time due to the back head and ear pain plaintive suffers from severe mental illness and his constant pain and lack of treatment has worsened his mental state. Plaintiff is trapped in a solitaire confinement on a wing where there are constantly fires being set by the offenders. All around Plaintiff, inmates cry out in pain or dementia on an hourly basis and this level of torture that plaintiff suffered at the hands of the TDCJ staff in February 2018 and continues to suffer today is tantamount to cruel and unusual punishment in violation of his constitutional rights plaintiff has filed numerous grievances about the February use of force the denial of medical

treatment and the continued retaliation to no avail.

## MARCH 9, 2020 USE OF FORCE AGAINST PLAINTIFF

27.     Plaintiff was again assaulted by unit staff and denied medical care for his injuries. Plaintiff was sprayed excessively with chemical agents in his eyes; his arms were slammed in the food tray slot; an officer pressed his foot into Plaintiff's neck and throat.  Yet another officer punched Plaintiff in his left ear, eye and forehead.  Plaintiff's knee was also damaged in this melee.  Plaintiff cannot specify which officer committed which act against him, as his time was spent trying to avoid further eye injuries.

28.  This use of force was not captured on video because Lt. Brannon ordered them turned off or away; and further told Plaintiff, "This is what you get for filing lawsuits!"

29.  Plaintiff was given no medical attention after this use of excessive force.  Plaintiff was not decontaminated and continued to suffer.  Plaintiffs grievances regarding this use of force were ignored and/or lost to destroyed.  Plaintiff alleges that this is tantamount to an obstruction of justice.

## APRIL 5, 2020 USE OF FORCE AGAINST PLAINTIFF

30.     On April 5, 2020, Plaintiff was subjected to a use of force assault by TDCJ officers Lt. Shayna M. McArthur, Sgt. Sgt. Franlin G. Nzerhe, Sgt. Whittlesey, Ms. Mengel. Slightly before 6 pm on this date, another inmate kept knocking out the cell power and lights for fun. As a result, several other inmates lit small fires in the hallway outside of the cells. As the Sgt. Nzeribe was putting out the fire with a large water hose, he and his crew caused Plaintiff's property in his cell to be drenched.  Plaintiff, who had not been involved in the bad acts was irritated.  This led to an exchange of words by the officers; and a use of excessive force against Plaintiff by a 5-man team.

31.     The officers first told Plaintiff that he was being taken to another cell and then they would

bring his property. Plaintiff was taken out of the soggy, now filthy cell and placed on the floor, in the water. Then the officers went into Plaintiff's cell, packed his property and carried it out. Plaintiff is required to walk on a cane and cannot transport his own property while injured, and while walking on a slippery floor under restraint.  Plaintiff was instructed to follow officers back into his cell--about three feet into the cell, far enough into the cell that the cameraman CO. Olubunmi Oseye could deliberately not see; Plaintiff was attacked from all sides by the officers. Both the Lt. and Sgt. who were on site, allowed this assault to occur. Plaintiff was kneed and kicked repeatedly in the head and back, punched all over the head and back, his right foot/ankle was stomped into the concrete, and he was stomped, his head was continuously banged into the concrete, slapped in the face, kicked and beat all over his body.

32.     Plaintiff was viciously assaulted with blood dripping down his face, and he begged the officers to stop. Plaintiff was seriously hurt. Plaintiff was given x-rays for his back, right shoulder and his right food/ankle. Plaintiff's head was wrapped, but not checked properly. Plaintiff was beaten without mercy.

33.     Following this attack on Plaintiff, his complaint was not given an investigation in violation of his due process rights.  Plaintiff alleges that Warden Pennie Kempt in conjunction with the Office of the Attorney General refused to find any fault by the officers in spite of this inmate's severe and ongoing injuries.  Plaintiff further alleges that he was denied proper medical care following this assault.

## MALICIOUS PROSECUTION OF PLAINTIFF FOR AN INCIDENT ALLEGED TO HAVE OCCURRED NOVEMBER 5, 2018

34.     On May 27, 2020, after having filed his own excessive force lawsuit against prison officials; Plaintiff was indicted for the offense of causing bodily serious injury to Officer Quana Goodman, by striking Officer Goodman with a hot liquid in the head and/or face. See Plaintiff's

Exhibit A.  This flows from a false allegation that Plaintiff dashed an officer in the eye with a cup of hot water while inside of his cell through a food tray door; while Plaintiff had no ability to heat his water and his tray slot would not have afforded him the opportunity to reach anyone's eye. Plaintiff was so brutally beaten that 21 staffers had to tend to him. Plaintiff filed grievance numbers, 2019084077, 2019087915, 2019129033, 2019106382, 2019114878, and 2019117371 among others. No disciplinary action was taken against Plaintiff, until Plaintiff filed this present suit.

35.     Plaintiff would show this is an element of retaliation and malicious prosecution against Plaintiff. Plaintiff would show that Officer Q. Goodman, and other officers, came into Plaintiff's cell and told Plaintiff that the, "[A]█ beating' that he will receive today, is because [Plaintiff] had the nerve to sue Texas Department of Criminal Justice."

36.     The officer even referenced earlier beatings which were levied upon Plaintiff, in Q. Goodman's efforts to scare Plaintiff. Thereafter, the officers began to beat and punch Plaintiff. Plaintiff would show that the filing of this case is a malicious prosecution against him in retaliation for his filing this lawsuit.   Plaintiff will further show that the timing of the present indictment, four months after this suit was filed; was also designed to interfere with Plaintiff's Parole eligibility.  Plaintiff came into Parole Review, just before he was assaulted.  The open and pending charges keep him in a limbo state with the Parole Board and not able to be considered for early release.

37.     Plaintiff was assaulted by the officers on November 5, 2018 for no reason, with provocation.  No action was taken against him.  Plaintiff filed his lawsuit two full years after his February assault, and now TDCJ officials seek to give him a free world charge in retaliation.

### DENIAL OF PLAINTIFF'S DUE PROCESS RIGHTS BY REFUSING HIM ACCESS TO THE PRISON GRIEVANCE PROCESS AND TO LEGAL RESOURCES:

38.     On April 13, 2018, Plaintiff received notice that his grievances would be responded to once they had been fully reviewed. Prior to this date, Supervisor Margret M. Price, her subordinates Tommy L. Rainey, Brittani F. Rodriguez, Melissa B. Vixtha and Monte P. Nabors had not responded assisted Hestand. They had refused to accept his grievances often not pick them up, steal grievances, damage grievances, return them untouched, or they would simply disappear.

39.     Plaintiff has been on 18 units at TDCJ during his period of incarceration an in every instance his grievances have been refused and he has continuously been denied the grievance process. Either his grievances were not picked up at all, they are stolen or concealed by TDCJ staff or they are damaged and torn or water stained when returned to plaintiff or their returned untouched with no response some of plaintiff's grievances have been returned with responses that indicate no violations have been determined or to suggest that the TDCJ staff has not violated any policies or procedures in any instances such denials Evans process is tantamount to conspiracy to that serves to deny plaintiff of his due process rights.

40.     Plaintiff was denied his due process rights by refusing to allow Plaintiff access to the Prison Grievance Process, the law library and other required services that go along with the traditional role of access to courts. Plaintiff was told by the Warden and law library officer that the law library only had certain books available to Plaintiff, based upon his inability to go to the law library, due to his status. Plaintiff would show that this inability to go to the law library and TDCJ's inability to deliver documents caused Plaintiff not to be able to research his position and to cease the wrongful treatment of Plaintiff sooner.

41.     In an attempt to seek redress for his February 2018 assault and major injuries; Plaintiff filed more than 122 grievances.  Plaintiff has filed many more; yet these are the only grievances which were returned to him.  In each of these; Plaintiff is denied any remedy.  Most go unanswered or respond that no wrongdoing can be found.  Plaintiff expects to tender his grievance files and logs in his initial disclosures rather than to attach to this complaint.

42.     In 2019, Plaintiff filed 31- Step 1 and 31- Step 2 Grievances to complain of his continued lack of medical care, tampering with his food, and poor conditions of confinement.  In 2020, Plaintiff has filed more than 15- Step 1 and 15- Step 2 Grievances seeking treatment above and beyond mere pain medication, to treat his injuries that continued from his February 2018 attack; and now from his March and April; 2020 assaults against him.  Plaintiff's grievances and I-60s have begun to promise medical visits.  However, over the past year, more of his requests for medical chain have either been denied; or Plaintiff has learned that unit officials have forged documents claiming that he continues to deny medical transport or refuses medical passes.

43.     Plaintiff alleges that Defendant Pam Pace is violating his protected conduct of filing grievances and conspiring against his rights in order to obstruct justice.  Plaintiff alleges that each and every one of the above-named grievance officers on the Michael's unit, as well as those in the Central Grievance office, who have signed his grievances; have conspired to continuously and systematically ignore or deny his access to the Grievance process.  Plaintiff is forced to file Grievance after grievance; and grievances about his failed responses to grievances and lost grievances.

**V.**
**CAUSES OF ACTION**

**44.     Claim Number 1**:  *Plaintiff was deprived of his 14th Amendment Right to Due Process and Equal Protection of the Laws when Defendants knowingly and intentionally violated his 4th,*

*and 8th Amendment Right to be free from Cruel and Unusual Punishment that was not a part of*

*his original conviction and sentence when Plaintiff's cell was rummaged, and things were taken*

*and never accounted for but the Defendants.*

45.     Plaintiff would show that Captain Enge and Officer B. Neal came into Plaintiff's cell and

violated Plaintiff's constitutional rights. Defendants did not follow the established TDCJ Rules in

his search of Plaintiff's cell. Defendant's did in fact violate Plaintiff's rights in that they did not

follow the proper TDCJ procedure in the search and seizure of the property of Plaintiff. Plaintiff

would show that he did not receive any of the property back. This property included books, gloves,

mirror, multi-vitamins, ¾ jar of black coffee, a spoon, light bulb, 2 pairs of gym shorts, muscle

shirt, hair grease, Ameri-Fresh shampoo, 2 nail clippers, a stack of catalogues, addresses, and no

confiscation papers were given to Plaintiff and his property has never been returned.

46.     **Claim Number 2**:   *Plaintiff was deprived of his 14th Amendment Right to Due Process*

*and Equal Protection of the Laws when Defendants knowingly and intentionally violated his 4th*

*and 8th Amendment Right to be free from Cruel and Unusual Punishment that was not a part of his*

*original conviction and sentence when Plaintiff was beat by the Defendants and other unnamed*

*TDCJ guards without any cause.*

47.     Plaintiff was viciously beat by Captain Enge and several other TDCJ Officers and to this

date, Plaintiff still feels pain and discomfort from that day. Plaintiff was not resisting the

Defendants but was still beaten to a point of needing to be seen by medical personal.

48.     **Claim Number 3**:     *Plaintiff alleges retaliation on the part of TDCJ.*

Plaintiff was retaliated against by Texas Department of Criminal Justice in that he was written up

on numerous occasions following the February 12, 2018 assault. Plaintiff filed grievances from

these retaliatory incidences. Plaintiff would show that these cases which were false and written solely to punish Plaintiff, were numerous and groundless.

**49.     Claim Number 4:**  Plaintiff alleges violations of Due Process rights by denying access to the grievance process.  Plaintiff incorporates by reference paragraphs 11 through 43 above.

**50.     Claim Number 5:** Plaintiff alleges violations of the Americans with Disabilities act by prison officials' uses of force against a chronically mentally ill inmate.  Plaintiff alleges that Prison staff have never made any attempts to deescalate, or to use proper engagement protocols, when communicating with him or while they make their threats of force; or during their actual uses of force against him.

**51. Claim Number 6:** Plaintiff also alleges that Defendants' consistent denial of medical care following these uses of force further aggravates his existing mental health conditions and has created additional mental and medical problems.

## DAMAGES

52.     Plaintiff claims damages in the amount above $200,000.00 in actual damages.  Plaintiff would ask that this suit on this matter award damages on each claim in this case of more than the minimum.

## PRAYER

**53.     WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Jamon Hestand respectfully prays that the Defendants be cited to appear and answer herein, and that upon a finals hearing of the cause, judgment be entered for the Plaintiff against Defendants for the economic and actual damages requested hereinabove, together with prejudgment and post judgment interest at the maximum rate allowed by law, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY**

Respectfully submitted,

By: _Tanika J. Solomon_
Tanika J. Solomon
Texas Bar No. 24055713
Email:  attorney@tjsololaw.com
2120 Welch Street
Houston, Texas 77019
Tel. (713) 640-5956
Fax. (713) 640-5944

Certificate of Service

I hereby certify that pursuant to Federal Rules of Civil Procedure as true and correct copy of the foregoing Plaintiff's Amended Complaint and Response to Defendant's Motion to Dismiss was filed and served on all existing parties of record via electronic service on January 15, 2021.

_Tanika J. Solomon_
Tanika J. Solomon
Attorney for Plaintiff