IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JAMON HESTAND, § | |
| TDCJ NO. 01343536, § | |
|     *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 6:20-CV-00071 |
| § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, ET. AL., § | |
|     *Defendants*. § | |

**TDCJ, MAJOR ENGE AND OFFICER NEAL'S OPPOSED MOTION FOR LEAVE TO FILE OUT OF TIME MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants the Texas Department of Criminal Justice ("TDCJ"), Major Jamadre Enge and Officer Barbara Neal, acting by and through the Office of the Attorney General of the State of Texas, move to dismiss Plaintiff Jamon Hestand's amended complaint. Dkt. No. 20.

Plaintiff, an individual incarcerated with the Texas Department of Criminal Justice (TDCJ), files this suit pursuant to 42 U.S.C. § 1983 and the ADA. Dkt. No. 20. Plaintiff filed his original complaint on February 13, 2020. Dkt. No. 1. Thereafter, Defendants filed motions to dismiss Plaintiff's claims against them under Federal Rule of Civil Procedure 12(b)(1), (5) and (6).

Following five grants of extension to respond to Defendants' motions to dismiss, Plaintiff Hestand filed a document entitled "Amended Complaint and Response to Motion to Dismiss" on January 15, 2021. Dkt. No. 20. This Court thereafter denied Defendants' motions to dismiss as moot "subject to re-urgence." Dkt. No. 21.

Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), a responsive pleading or answer to Plaintiff's amended complaint was due February 2, 2021. Counsel for defendants inadvertently calendared the deadline for one day later. This error was not made for contumacious or dilatory

purposes, but was simply unintentional and the result of having an unmanageable amount of work to maintain at the moment. Given this, and pursuant to Federal Rule of Civil Procedure 6(b)(B), Defendants respectfully move for leave to file their Motion to Dismiss to Plaintiff's Amended Complaint (attached herein as **Exhibit 1**; proposed order attached as **Exhibit 2**) out of time on the basis of excusable neglect.

As the U.S. Supreme Court has noted, "it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and it not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (footnote omitted). Relevant factors to the excusable neglect inquiry include: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *See Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1076 (5th Cir.1980); *Pioneer Inv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395–97, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

There is no demonstrable prejudice to Plaintiff on account of the request for leave. Requiring the Plaintiff to prove his case or that any potential recovery will be delayed is not enough to prejudice the Plaintiff. *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). Further, the length of delay in this case will have minimal impact on the Court's proceedings given the stage of the litigation and the fact that the delay was only 24 hours in time.

Defendants' failure to timely respond to Plaintiff's Amended Complaint was not willful, but rather due to Undersigned Counsel's mistake. Thus, Defendants' failure to file a motion to dismiss or answer was not a result of bad faith, but an inadvertent oversight and an error in properly

calendaring deadlines. Defendants have acted diligently and in good faith in their attempt to rectify this error as soon as it was discovered. Defendants are actively litigating this matter and intend to vigorously defend against the claims alleged in this suit, as shown in the valid defenses laid out in their concurrently filed Motion to Dismiss (Exhibit 1).

If the Court were to deny Defendants leave to file their motion to dismiss out of time, it would impose a severe penalty on Defendants. This is particularly true where Plaintiff has not suffered prejudice from the brief delay. Defendants should not be punished for their attorney's mistake absent a clear record of delay, willful contempt or contumacious conduct – none of which has occurred in this case. *Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir. 1974). There is no such record of delay or willful contempt in this case. And any doubt should be resolved in favor of a judicial decision on the merits of the case. *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980). The determination of whether the party's neglect is "excusable" must be an equitable one, taking account of all relevant circumstances to achieve substantial justice. *Id.* Balancing the equities in this case, Defendants should be granted leave to file their motion to dismiss out of time.

## CONCLUSION

Defendants respectfully move this Court for leave to file their motion to dismiss, attached herein as Exhibit 1, out of time. This request for leave to file an out of time motion to dismiss is not requested to create unnecessary delay but is necessary to facilitate a satisfactory resolution of this case on the merits. Undersigned Counsel sincerely apologizes to the Court and to Plaintiff for any inconvenience that this has caused.

Respectfully Submitted.

**KEN PAXTON**

       Attorney General of Texas

       **GRANT DORFMAN**
       First Assistant Attorney General

       **BRENT WEBSTER**
       Deputy First Assistant Attorney General

       **SHAWN COWLES**
       Deputy Attorney General for Civil Litigation

       **SHANNA E. MOLINARE**
       Division Chief
       Law Enforcement Defense Division

       */s/ Courtney Corbello*
       **COURTNEY CORBELLO**
       Assistant Attorney General
       Texas State Bar No. 24097533
       courtney.corbello@oag.texas.gov

       **OFFICE OF THE ATTORNEY GENERAL**
       Law Enforcement Defense Division
       P.O. Box 12548, Capitol Station
       Austin, Texas 78711
       (512) 463-2080 / (512) 370-9410 (Fax)
       **ATTORNEYS FOR TDCJ, MAJOR ENGE AND OFFICER NEAL**

### NOTICE OF ELECTRONIC FILING

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Eastern District of Texas on February 3, 2021.

       */s/ Courtney Corbello*
       **COURTNEY CORBELLO**
       Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served directly to all counsel on record by the Electronic Case Files System of the Eastern District of Texas on February 3, 2021.

/s/ *Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General

**CERTIFICATE OF CONFERENCE**

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that, on February 3, 2021, I attempted to confer with counsel for Plaintiff, Tanika Solomon, as to the relief requested in this motion. I was unable to reach Ms. Solomon, therefore, it is assumed Plaintiff is opposed to the relief sought.

/s/ *Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General