In the United States District Court
For the Eastern District of Texas
Tyler Division

| | |
|---|---|
| Jamon Hestand, <br> TDCJ No. 01343536, <br>     *Plaintiff,* <br><br> v. <br><br> Texas Department of Criminal Justice, et. al., <br>     *Defendants.* | § § § § § § § § § § §     Civil Action No. 6:20-CV-00071 |

**TDCJ, Major Enge and Officer Neal's Reply in Support of Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), (5), and (6)**

Defendants the Texas Department of Criminal Justice ("TDCJ"), Major Jamadre Enge and Officer Barbara Neal, acting by and through the Office of the Attorney General of the State of Texas, files this reply in support of their motion to dismiss Plaintiff Jamon Hestand's amended complaint. Dkt. No. 20.

**Argument**

**I.  Plaintiff's Response Fails to Establish Good Cause as to Why Defendants Still, 14 Months Later, Have Yet to Be Properly Served Under Federal Rule of Civil Procedure 12(b)(5).[1]**

Plaintiff's response fails to demonstrate proper service on Defendants under the federal rules. While Plaintiff attempts to rely on a "good cause" argument to explain why it took 120 days before Defendants were served, incorrectly, his arguments lack merit. Proof of good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of*

---

[1] Federal Rule of Civil Procedure 12(b) provides that jurisdictional defenses such as insufficiency of service of process are not "waived by being joined with one or more other defenses or objections in a responsive pleading or motion."

*Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). Additionally, some "showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Id*.

Plaintiff argues that good cause has been shown for his counsel failing to effectuate service because Plaintiff is suffering various infringements of his liberty interests while in prison that make it difficult for counsel to contact him and allow him to assist in drafting pleadings. Dkt. No. 29 at 21. But Plaintiff has counsel; Plaintiff's counsel is solely responsible for effectuating service on the Defendants and for demonstrating more than inadvertence or mistake on her part. Thus, good cause is not shown simply because counsel's client cannot assist her in litigating the merits of his claims; this is an issue of service, an issue that does not require counsel to receive assistance from her client to rectify.

Plaintiff also generally argues that delays caused by Covid as well as falling ill left her unable to properly serve Defendants. The complaint was filed a month prior to Covid protocols being in place.[2] Dkt. No. 1. And this assertion that such events made it impossible to find a process server is belied by the fact that Plaintiff obtained a process server[3] three weeks after this Court's show cause order in the very midst of Covid. Dkt. No. 5; Dkt. No. 8 at 2; Dkt. No. 9 at 2; Dt. No. 10 at 2.

Most importantly, neither Covid nor brief periods of illness demonstrate good cause as to why Defendants **have *still* not been properly served.** *See* Tex. R. Civ. P. 107 (requiring a return of service to include a certified mail receipt signed by the addressee when service is effected by

---

[2] The Governor issued a disaster declaration related to Covid on March 13, 2020. Texas Gov. Click2Houston, *Greg Abbott to issue disaster declaration over coronavirus*, https://www.click2houston.com/news/texas/2020/03/13/texas-gov-greg-abbott-to-issue-disaster-declaration-over-coronavirus/ (last visited April 14, 2021).
[3] At least one that Plaintiff has alleged to be a process server. *See*, *infra*.

certified mail). Defendants notified Plaintiff that they were not properly served in August 2020 *after* this Court had also told Plaintiff service had not been effectuated in May 2020. Dkt. Nos. 5, 12. It has been, now, 14 months since the filing of the complaint, and 8 months, at least, that Plaintiff has been aware that Defendants were not served in accordance with Texas law. Counsel for plaintiff, despite being on notice, has not made a single attempt to correct her errors and properly served Defendants.

While Plaintiff may claim good cause, no good cause should be found where Plaintiff has not endeavored, even once, to correct the failures that even he acknowledges invalidate his service attempts. Dkt. No. 29 at 22 ("As Texas law requires a return of service to include a certified mail receipt signed by the addressee when service is affected by certified mail, none of the defendants were properly served by certified mail."); *See, e.g., McGinnis v. Shalala*, 2 F.3d 548, 549, 551 (5th Cir. 1993) (per curiam) (affirming dismissal where plaintiffs wrongly attempted to serve the United States Attorney by mail in July and after being notified of improper service, failed to perfect service until December.); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) (affirming dismissal based on failure to serve where plaintiff was told how to correct his error in service and never did so).

In addition to failing to prove proper service in its entirety, Plaintiff also fails to meet his burden to demonstrate that the person that sent the summons via certified mail was authorized to serve process under Texas Rule 103. *Isais v. Marmion Indus. Corp.* is instructive as to the burden plaintiff was required to meet in disputing this point raised in Defendants' motion to dismiss. CIV.A. H-09-3197, 2010 WL 723773, at *3 (S.D. Tex. Feb. 24, 2010). There, the defendant challenged service, in part, because plaintiff had failed to demonstrate the person who served them

via certified mail was authorized to serve process under Texas Rule 103. *Id*. The Court noted that merely "assert[ing] that [the person] is a certified process server" in response to a motion to dismiss was insufficient to prove service by an authorized person. Instead a plaintiff is required to "provide the court [with] evidence that [the person] is a 'person authorized by Rule 103' to serve process upon the defendants." *Id*. Because plaintiff had not done so, "the court conclude[d] that [the] plaintiff ha[d] failed to satisfy his burden to show that the defendants were served by a proper person using a proper method and, therefore, that service on the defendants was not properly effected." *Id*.

As in *Isais*, Plaintiff has asserted Everett Von Moore was a process server authorized under Rule 103 to serve Defendants. Dkt. No. 29 at 20. As in *Isais*, this Court should require Plaintiff to meet his burden with actual evidence of such a claim.[4] Because Plaintiff has not done so, this Court may find service was not properly made and dismiss this suit.

## II.    DEFENDANTS ARE ENTITLED TO DISMISSAL UNDER FED. R. CIV. P. 12(B)(1) BECAUSE *EX PARTE YOUNG* DOES NOT APPLY TO PLAINTIFF'S CLAIMS.

Plaintiff argues that *Ex parte Young* allows him to sue both Major Enge and Officer Neal, in their official capacities, and TDCJ, a state agency. Dkt. No. 29 at 25-26. But that argument is erroneous.

*Ex parte Young* is an exception to Eleventh Amendment immunity and it applies only in suits (1) "against individual persons in their official capacities as agents of the state;" (2) where the plaintiff has alleged an ongoing violation of federal law being committed by a state actor; and

---

[4] Plaintiff cite to an exhibit A but there is no exhibit A attached to the response. Dkt. No. 29 at 20. Also, Plaintiff's brief already cites to an "Exhibit A" four pages earlier contending the exhibit shows evidence that "Plaintiff was indicted for the offense of causing bodily serious injury to Officer Quana Goodman, by striking Officer Goodman with a hot liquid in the head and/or face." *Id*. at 16.

(3) where "the relief sought [is] declaratory or injunctive in nature and prospective in effect." *See, e.g., Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *see also* Dkt. No. 29 at 25-26 (cases relied on by Plaintiff stating the same).

This is a suit for *monetary* relief. Dkt. No. 20 at ¶5. This is a suit that alleges constitutional violations that occurred at specific times *in the past*. *Id.* at ¶¶13-43. This is a suit, to the extent it is against TDCJ, that is not against a state actor. *Ex parte Young*, therefore, does not operate to deprive Major Enge, Officer Neal or TDCJ from their entitlement to Eleventh Amendment relief from this § 1983 suit for monetary damages. *Aguilar*, 160 F.3d at 1054. (holding *Ex parte Young* did not apply to suit against TDCJ); *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004) (holding that a state's sovereign immunity bars suits for monetary damages against state officers in their official capacities). Notably, the very cases Plaintiff cites to in support of his argument require only the briefest of skims to know this is true. Dkt. No. 29 at 25-26.

### III. DEFENDANTS MOVE TO DISMISS HESTAND'S CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).

Plaintiff utilizes 9 pages of his response to detail various wrongs he believes to have been committed against him while incarcerated. But the only matter before this Court is whether Major Enge, Officer Neal or TDCJ are entitled to dismissal. As to these three specific defendants, Plaintiff's actual allegations are sparse.

#### A. Plaintiff's Claims Against Officer Neal Under § 1983 Require Dismissal.

Regarding Officer Neal, Hestand makes a single allegation against her in the entire 9 pages of facts alleged: "before lunch time, Captain Enge and Officer B. Neal went into Plaintiff's cell and proceeded to throw Plaintiff's personal items from one side of the cell to the other." Dkt. No. 29 at 10. Officer Neal's name does not appear again in the "Facts" section of the response. And, in

rebuttal, Plaintiff claims only that Officer Neal should be found liable because of her role as a supervisor or based on bystander liability. *Id.* at 28. But the single allegation that Officer Neal went into Plaintiff's cell and threw items around, even assumed true, in no way sustains a claim that Officer Neal was a supervisor or liable as such. A supervisory official "is only liable under § 1983 if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Valentine v. Jones*, 566 Fed. Appx. 291, 294 (5th Cir. 2014). Throwing an inmate's property around does not amount to a constitutional violation where even *deprivation* of that property cannot suffice. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) ("[I]t is of no consequence whether [the inmate] alleges a deprivation of property by negligence or intent; in neither instance does he state a valid § 1983 action for deprivation of property."). And there is no claim as to what specific policies Officer Neal implemented that led to Plaintiff's alleged injuries. *See* Dkt. No. 20.

Similarly, any theory of liability premised upon bystander liability is also meritless. Bystander liability exists only where the plaintiff has alleged facts to show the defendant "(1) [knew] that a fellow officer [was] violating an individual's constitutional rights; (2) [had] a reasonable opportunity to prevent the harm; and (3) [chose] not to act." *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013). Given the required factors, the simplistic claim that Officer Neal was present during a cell search cannot state a claim for bystander liability. Plaintiff does not point to any facts that would demonstrate Officer Neal is liable as a bystander for either the property search or the use of force that occurred at an entirely different time and without Officer Neal. *See* Dkt. No. 29 at 28.

///

### B. Plaintiff's Claims Against Major Enge under § 1983 require Dismissal

Plaintiff's claims against Major Enge are equally as sparse. In fact, the only basis Plaintiff provides for his excessive use of force claim against Major Enge is that Major Enge used pepper spray against him. Dkt. No. 29 at 27. But, as explained in Defendants' motion to dismiss, simply being sprayed with chemical agents, and subjected to its normal effects, is routinely found to be insufficient to prove excessive force. *See, e.g., Martinez v. Nueces County, Texas*, civil action no. 2:13cv178, 2015 WL 65200 (S.D. Tex., January 5, 2005) (simply being pepper sprayed, without some long term effects, is a de minimis injury), *aff'd sub nom. Martinez v. Day*, 639 F.App'x 278 (5th Cir. May 12, 2016) (defendants entitled to summary judgment on plaintiffs' claims of excessive force, including tasing and pepper spray, where there was no evidence of cognizable injuries); *Williams v. U.S.*, civil action no. 4:08cv2350, 2009 WL 3459873 (S.D. Tex., August 12, 2011) (claim of "severe bruising and scrapes upon his body" and "extreme pain from being kicked and sprayed in the eyes with pepper spray" were de minimis ); *Oakley v. Weaver*, 162 F.3d 1159, 1998 WL 792669 (5th Cir. November 2, 1998) (use of pepper spray during an arrest was not excessive force).

Plaintiff was notified of the case law against his claim in the motion to dismiss, and clearly informed that he was required to allege some sort of long-term effects from the pepper spray. Despite being on notice before the filing of an amended complaint *and* his response to the motion to dismiss, Plaintiff has still not alleged a single long-term injury from being pepper sprayed. And an "isolated, single use of pepper spray" also does not violate clearly established law. *McCoy v. Alamu*, 950 F.3d 226, 233 (5th Cir. 2020). As such, this claim against Major Enge should be dismissed.

### C. Plaintiff Has Failed to Rebut Major Enge and Officer Neal's Entitlement to Qualified Immunity by Making No Rebuttal at All.

"Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to show that the defense is not available." *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010). "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

Defendants raised a qualified immunity defense in their motion to dismiss. Dkt. No. 26 at 17-19. Plaintiff's response is completely devoid of any response to that defense. *See* Dkt. No. 29. This failure to respond should result in a finding that Defendants are entitled to qualified immunity. *S.C. v. Round Rock Indep. Sch. Dist.*, A-19-CV-1177-SH, 2020 WL 1446857, at *8 (W.D. Tex. Mar. 25, 2020) ("In failing to respond to Proctor's grounds for dismissal of the § 1983 claims based on qualified immunity, Plaintiffs have failed to meet their burden to negate Proctor's qualified immunity defense."); *see also Colin v. Fort Worth Indep. Sch. Dist.*, 2018 WL 4078272, at *3 (N.D. Tex. Aug. 27, 2018) ("Plaintiffs, in failing to respond to Scott's grounds for dismissal of the § 1983 claims asserted against him, have both abandoned the claim and failed to meet their burden to negate Scott's defense concerning whether Scott is entitled to qualified immunity.").

### D. Plaintiff has Failed to State Facts Sufficient to Raise an ADA Claim

Plaintiff makes only two arguments in response to Defendants' request that this Court dismiss his ADA claim against them. First, Plaintiff appears to argue he is permitted to sue individuals under the ADA so long as it is in their official capacities. He is not. *City & Cty. of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1773 (2015) ("Only public entities are subject to Title

II."); *Nottingham v. Richardson*, 499 Fed. Appx. 368, 376 n. 6 (5th Cir. 2012) (noting a plaintiff may not sue defendants in their individual capacities under the ADA)

Second, Plaintiff asserts he has a qualifying disability. But the only allegations Plaintiff makes in support of this assertion is to list various diagnoses he claims to have received and refer to an exhibit[5] of medication that is not attached to the complaint. Dkt. No. 29 at 29. But Defendants have explained what is necessary in order to find that a plaintiff's facts demonstrate a qualifying disability. Dkt. No. 26 at 15. Plaintiff was required to not only claim a mental impairment but show how that impairment "substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). Plaintiff does not explain how his mental illness(es) substantially limit him or how those limitations impact his major life activities. *See* Dkt. No. 29. Because this Court lacks facts sufficient to make the "individualized inquiry" necessary under this ADA prong, there is no basis to find Plaintiff had a qualifying disability at the time of the events alleged. *Duncan v. Univ. of Texas Health Sci. Ctr. at Houston*, 469 Fed. Appx. 364, 369 (5th Cir. 2012).

As to the other two ADA factors, Plaintiff's response also fails to rebut them. The ADA requires allegations that demonstrate Plaintiff is being denied reasonable accommodations to access the public entity's services; and that he was excluded by reason of his disability. *Hay v. Thaler*, 470 Fed. Appx. 411, 417 (5th Cir. 2012). Plaintiff does not mention either factor in his response much less point to facts in support. *See, e.g., Tex. Capital Bank N.A. v. Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (citing *Black v. North Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (stating that plaintiff abandoned her claim because she failed to defend it in her

---

[5] Plaintiff cites to an "Exhibit 8" as containing a list of medications. Dkt. No. 29 at 29. This occurs after Plaintiff's separate cites to two different "Exhibit A's" (neither are attached) *and* Plaintiff's cite to "Exhibits 2-9" as containing administrative grievances (also not attached). *Id*. at 16, 20, 24.

response to the defendant′s motion to dismiss). Because Plaintiff has not disputed Defendants' arguments on these factors, this Court should dismiss Plaintiff's ADA claim.

## CONCLUSION

Plaintiff, through represented counsel, has filed a response to Defendants' motion to dismiss that is incorrect on the law, lacks any of the 11 different exhibits cited to for support, and fails to properly rebut any defense raised. Therefore, TDCJ, Major Enge and Officer Neal respectfully ask that this Court dismiss Hestand's claims against them with prejudice.

Respectfully Submitted.

**KEN PAXTON**
Attorney General of Texas

**GRANT DORFMAN**
First Assistant Attorney General

**BRENT WEBSTER**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief
Law Enforcement Defense Division

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General
Texas State Bar No. 24097533
courtney.corbello@oag.texas.gov

**OFFICE OF THE ATTORNEY GENERAL**
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711

>  (512) 463-2080 / (512) 370-9410 (Fax)
>  **ATTORNEYS FOR TDCJ, MAJOR ENGE AND OFFICER NEAL**

### NOTICE OF ELECTRONIC FILING

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Eastern District of Texas on April 15, 2021.

>  */s/ Courtney Corbello*
>  **COURTNEY CORBELLO**
>  Assistant Attorney General

### CERTIFICATE OF SERVICE

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served directly to all counsel on record by the Electronic Case Files System of the Eastern District of Texas on April 15, 2021.

>  */s/ Courtney Corbello*
>  **COURTNEY CORBELLO**
>  Assistant Attorney General