UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **JAMON HESTAND, TDCJ #01343536** § | |
| **PLAINTIFF** § | |
| § | |
| § | **CIVIL ACTION NO.6:20-CV-00071** |
| § | |
| **CAPTAIN, JAMADRE ENGE** § | |
| **CAPTAIN, CAPTAIN, OLIN C. STATHAM, JR.** § | |
| **CAPTAIN, CAPTAIN, JASON M. GOULD** § | |
| **CHAPLAIN, SAMUEL C. ARCIPRESTE** § | |
| **CHAPLAIN, RANDALL S. CLARKE** § | |
| **CHAPLAIN, THOMAS R. TAYLOR** § | |
| **CORRECTIONS INSTITUTION DIVISION** § | |
| **DIRECTOR, BOBBY LUMPKIN** § | |
| **FORMER CORRECTIONS INSTITUTION** § | |
| **DIVISION DIRECTOR, LORIE DAVIS** § | |
| **CORRECTIONS OFFICER, VICTOR V. AFUN** § | |
| **CORRECTIONS OFFICER, BARBARA NEAL** § | |
| **CORRECTIONS OFFICER, AGUILAR** § | |
| **CORRECTIONS OFFICER, MICHAEL O. CASTEEL** § | |
| **CORRECTIONS OFFICER, LOURENS A. JACKSON** § | |
| **CORRECTIONS OFFICER, IAN DAVIS** § | |
| **CORRECTIONS OFFICER, KIMBERLY D. THOMPSON** § | |
| **CORRECTIONS OFFICER, OBADINA S. OMAKA** § | |
| **CORRECTIONS OFFICER, OLADIPO OLUFEMI** § | |
| **DIRECTOR OF CLASSIFICATION, MARK SANDLIN** § | |
| **DOCTOR, GARY WRIGHT** § | |
| **GRIEVANCE INVESTIGATOR, TAMMY L. RAINEY** § | |
| **GRIEVANCE INVESTIGATOR, BRITTANI F.** § | |
| **RODRIGUEZ** § | |
| **GRIEVANCE INVESTIGATOR, MELISSA B. VIXHA** § | |
| **GRIEVANCE INVESTIGATOR, MONTE P. NABORS** § | |
| **GRIEVANCE INVESTIGATOR, DEBBIE L. POOLE** § | |
| **GRIEVANCE INVESTIGATOR, D. RODEN** § | |
| **GRIEVANCE INVESTIGATOR, J. PETERSON** § | |
| **GRIEVANCE INVESTIGATOR, T. VASSILICO** § | |
| **GRIEVANCE INVESTIGATOR, KATHY GREY** § | |
| **GRIEVANCE INVESTIGATOR, KHARI MOTT** § | |
| **GRIEVANCE INVESTIGATOR, ANDREY VASLJEV** § | |
| **GRIEVANCE INVESTIGATOR, DAWN M. HUFFMAN** § | |
| **GRIEVANCE INVESTIGATOR, RACHEL R. ROWLAND** § | |
| **GRIEVANCE INVESTIGATOR, B. BARNETT** § | |
| **GRIEVANCE INVESTIGATOR, M. BLALOCK** § | |
| **GRIEVANCE INVESTIGATOR, M. LEWANDOWSKI** § | |

1 |
**Plaintiff's Motion to Extend Time
For Service of Process**

| | |
|---|---|
| GRIEVANCE INVESTIGATOR, I-0352 | § |
| GRIEVANCE INVESTIGATOR, B. HOWARD | § |
| GRIEVANCE INVESTIGATOR, J. SMITH | § |
| GRIEVANCE INVESTIGATOR, C. MCKELLEN | § |
| GRIEVANCE INVESTIGATOR, TIMOTHY C. JONES | § |
| GRIEVANCE INVESTIGATOR, S. GURROLA | § |
| GRIEVANCE INVESTIGATOR, C. MARTINEZ | § |
| GRIEVANCE INVESTIGATOR, K. WARD | § |
| GRIEVANCE INVESTIGATOR, JESSICA RILEY | § |
| GRIEVANCE INVESTIGATOR, V. BARROW | § |
| GRIEVANCE INVESTIGATOR, I-0964 OIG | § |
| GRIEVANCE INVESTIGATOR, M. TRAVIS | § |
| GRIEVANCE INVESTIGATOR, H. YARBROUGH | § |
| GRIEVANCE INVESTIGATOR, V. BARNES | § |
| GRIEVANCE INVESTIGATOR, B. FERGUSON | § |
| GRIEVANCE INVESTIGATOR, H.M. PEDERSON | § |
| GRIEVANCE INVESTIGATOR, JESSICA BACK | § |
| GRIEVANCE SUPERVISOR, MARGARET M. PRICE | § |
| LIEUTENANT, GWENDOLYN R. FULLER | § |
| LIEUTENANT, SHERRELL D. MCCOY | § |
| LIEUTENANT, SHAYNA M. MCARTHUR | § |
| LIEUTENANT, ERIK. L. BRANNAN | § |
| LIEUTENANT, VERNON L. ALLEN | § |
| LIEUTENANT, DEREK W. LIGHT | § |
| LIEUTENANT (NOW SERGEANT) ELDRICK BIRDOW | § |
| MAILROOM SUPERVISOR, AMY E. MCCALISTER | § |
| MAJOR, TODD R. FUNAI | § |
| MAJOR, TIMOTHY FITZPATRICK | § |
| MAJOR, SEAN F. MARSHALL | § |
| MAJOR, GUILLERMO M. DELAROSA | § |
| MHPM, DAVID STEBBINS, MD | § |
| PROVIDER, ROSEMARY OFILI | § |
| SARGENT, COLLINS K. SINTIM | § |
| SARGENT, CARLOS U. DURAN | § |
| SARGENT, PRINCE C. HALL | § |
| SERGEANT, ADESANNYA S. ADENIRAN | § |
| SERGEANT, CODY J. GARNER | § |
| SERGEANT, ABBIE G, ANDREWS | § |
| SERGEANT, DANIEL R. JETT | § |
| SERGEANT, CHASE R. JOHNSON | § |
| SERGEANT, FRANCIS KYEI | § |
| SERGEANT, KAMRY D. KINDER | § |
| SERGEANT, RAHNESIA L. MULLINS | § |
| SERGEANT, SERGEANT MABLE G. SWEAT | § |
| SERGEANT, FRANKLIN G. NZERIBE | § |
| SERGEANT, SERGEANT JOHN H, HOLMES, III | § |
| FORMER TEXAS BOARD OF CRIMINAL JUSTICE CHAIRMAN, DALE WAINWRIGHT | § § |
| TEXAS BOARD OF CRIMINAL JUSTICE CHAIRMAN | § |

| | |
|---|---|
| PATRICK O'DANIEL | § |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § |
| EXECUTIVE DIRECTOR, BRIAN COLLIER | § |
| WARDEN, DEBORAH G. COCKRELL | § |
| WARDEN, PENNIE R. KEMPT | § |
| WARDEN (NOW ASIST WARDEN) CHARLES O. MEADOR, | § § |
| WARDEN (DIRECTOR II) CAROL E. MONROE, JR. | § |
| DEFENDANTS. | |

## PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF PROCESS

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Plaintiff Jamon Hestand, who moves for an extension of time in which to serve Defendant, Texas Department of Criminal Justice, et. al, with summons and a copy of Plaintiff's amended complaint. In support of this request, Plaintiff would show as follows:

### I.

Plaintiff asks this court for an extension of time to serve the Defendants with process in this case. Plaintiff amended his complaint with over 82 additional defendants in this case. The costs of serving each and every one of the named Defendants are exorbitant and Plaintiff needs more time to complete.

### II.

Service of process upon Defendants, Jamadre Enge, Captain Olin C. Stratham and Texas Department of Criminal Justice have already been served in this case. Plaintiff anticipates that these Defendants would be filing an 'answer' to Plaintiffs original complaint, along with initial disclosures under Rule 26 of the Federal Rules of Civil Procedure. However, Plaintiff is attempting to serve approximately 82 other defendants in this same case. The service in these cases is taking more time because Plaintiff is required to pay for such service and requires the money to serve each and every Defendant.

## III.

The Court may grant Plaintiff an extension of time in which to effectuate service of summons and complaint upon the other 82 defendants, under Rule 4(m) of the Federal Rules of Civil Procedure, when good cause is shown for the failure to effectuate proper service within the 30-day time limitation provided for in the rule. *Thompson v. Brown*, 91 F.3d 20 (5th Cir. 1996). The Court has the authority to extend the time for service even when good cause is not shown. *Id.*, at 21. An extension of time is mandatory when good cause is shown, and discretionary when good cause is not shown. *Id.*, at 21. (citing *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305-06 (3rd Cir. 1995).

Where statutes of limitations would bar future litigation, if the action were dismissed without prejudice, as in Plaintiff's case, the Court must view the alternative of dismissal without prejudice under the heightened standard used to review dismissal with prejudice, which is an extreme sanction. *Millan v. USAA General Ins. Co.,* 546 F.3d 321 (5th Cir. 2008). The events which serve as the bases of Plaintiffs complaint against the Defendants in this lawsuit occurred in and about 2018-2019. Should the Court dismiss Plaintiff's claims against the Defendants without prejudice, for failure to effectuate service of process within the normal time limitations for doing so, the applicable two-year statute of limitations would bar future litigation involving Defendants and their violations of Plaintiffs Constitutional Rights.

## IV.

Plaintiff anticipates that one or all of the party Defendants who were timely served would file an answer, and initial disclosures under Rule 26, Federal Rules of Civil Procedure. Further, unquestionably Plaintiff has pleaded one or more meritorious causes of action against each of the

Defendants in this case. Plaintiff's complaint facts reflect that in 2018-2019, each of the new Defendants maliciously and sadistically inflicted bodily injury, as well as mental and emotional injuries, upon Plaintiff. causing severe injury, pain and suffering, severely damaging Plaintiff, resulting in the necessity of medical treatment, surgeries, and permanent injury to Plaintiff. The misconduct of the Defendants also violated the Eighth and Fourteenth Amendment Rights of Plaintiff under clearly established Eighth Amendment precedent, and thereby depriving e a c h o f t h e Defendants of any claim to qualified immunity. See **Hudson v. McMillian,** 112 S.Ct. 998 (1992)(excessive force under the Eighth Amendment); **Gomez v. Chandler,** 163 F.3d 921 (5th Cir. 1999)(excessive force under the Eighth Amendment); **Pasco ex rel. Pasco v. Knoblauch,** 566 F.3d 572, 579 (5th Cir. 2009)(qualified immunity analysis); **Harlow v. Fitzgerald,** 457 U.S. 800,818 (1982)(qualified immunity analysis). Consequently, Plaintiff has shown good cause for extending the time for service of summons each of the Defendants.

In the alternative, in absence of a showing of good cause, the Court should exercise its discretion to extend the time for service of process upon the remaining 82 Defendants. Of primary consideration is the fact that Plaintiff has great expense to serve each defendant and any dismissal without prejudice due to inability to cause service within an additional 60-days, time limitation would bar further litigation of Plaintiffs instant claims against these Defendants due to applicable statutes of limitations.

### V.

Plaintiff moves for an additional 30-days in which to effectuate service of summons and a copy of Plaintiffs complaint upon the approximately 82 Defendants, for the following reasons:

1. The Plaintiff wants to file this action with all 82 additional Defendants. As such, Plaintiff is working on additional funding in order to serve these Defendants.

5 |
**Plaintiff's Motion to Extend Time
For Service of Process**

2. Plaintiff would further show that most of these Defendants would have their case dismissed and could not be sued any further because of the statute of limitations.

This motion is made in good faith and in the interest of justice. Plaintiff prays that it be granted.

                                            Respectfully submitted,

                                            By: *Tanika J. Solomon*
                                            Tanika J. Solomon
                                            Texas Bar No. 24055713
                                            Email: attorney@tjsololaw.com
                                            2120 Welch Street
                                            Houston, Texas 77019
                                            Tel. (713) 640-5956
                                            Fax. (713) 640-5944

## CERTIFICATE OF CONFERENCE

The undersigned counsel for movant **has called and left a message, but has not been able to contact counsel** to confer with counsel for the Defendants with regard to this Plaintiff's Motion To Extend Time For Service Of Process.

KEN PAXTON
Texas Attorney General

COURTNEY CORBELLO
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station Austin, Texas 78711

                                            *Tanika J. Solomon*
                                            Tanika J. Solomon

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing and within Plaintiffs Motion To Extend Time for Service of Process was served on the following counsel of record for the Defendants on this 17th day of May 2021, by placing same in the United States Mail, first- class postage prepaid, addressed to Bruce R. Garcia, Assistant Attorney General, Post Office Box 12548, Austin, Texas 78711-2548 and electronically on the CM/ECF system.

*/s/ Tanika J. Solomon*
Tanika J. Solomon

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **JAMON HESTAND, TDCJ #01343536** <br> *Plaintiff,* <br><br> v. <br><br> **TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET. AL.** <br> *Defendant's.* | § § § § § § § § § § § § § | **CIVIL ACTION NO. 6:20-CV-00071** |

## ORDER

On this _____ day of _____ 2021 the Court considered Plaintiff Jamon Hestand's Motion to Extend Time for Service of Process. The Court, after considering Plaintiff's motion, the case file, and the response of the Defendants, if any, is of the opinion that Plaintiff's motion has merit and should be Granted.

IT IS THEREFORE the Order of the Court that the time for effectuating service of summons and complaint upon the 82 named Defendants is extended for a period of 30-days, under Rule 4(m) of the Federal Rules of Civil Procedure, from the date of this Order.

Signed this ____ day of _____ ,2021.

_____
JUDGE PRESIDING