IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JAMON HESTAND, §<br>TDCJ NO. 01343536, §<br>  *Plaintiff*, §<br> §<br>v. §<br> §<br>TEXAS DEPARTMENT OF CRIMINAL §<br>JUSTICE, ET. AL., §<br>  *Defendants.* § | CIVIL ACTION NO. 6:20-CV-00071 |

**LORIE DAVIS AND BOBBY LUMPKIN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1), (6)**

Defendants Lorie Davis and Bobby Lumpkin, acting by and through the Office of the Attorney General of the State of Texas, move to dismiss Plaintiff Jamon Hestand's amended complaint. Dkt. No. 20.

STATEMENT OF THE CASE

Plaintiff Jamon Hestand, TDCJ #01343536 alleges 88 different defendants employed by the Texas Department of Criminal Justice (TDCJ) violated his rights under the Fourth, Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 as well as his rights under Title II of the Americans with Disabilities Act. Dkt. No. 20. Hestand makes claims regarding three (3) separate uses of force, retaliation, denying Hestand his due process rights by refusing him access to the prison grievance system, and denial of medical care. *See id.* Defendant Bobby Lumpkin is currently employed as the TDCJ's Correctional Institutions Division Director; Lorie Davis formerly held this position and is now retired.

Hestand sues Defendants in both their individual and official capacities. *Id.* at ¶9. He seeks relief in the form of $200,000 in "actual" damages. *Id.* at ¶19. Although Hestand filed his suit on

February 13, 2020, he failed to serve any of the Defendants until after the Court's show cause order on May 18, 2020 (Dkt. No. 5). Even then, rather than effectuate proper service, Hestand amended his complaint to add 85 more defendants. Dkt. No. 20. Hestand has yet to properly serve any of the, now, 88 defendants in this case other than Defendants Lumpkin and Davis. However, Hestand's claims against Lumpkin and Davis should not proceed. Defendants Lumpkin and Davis move to dismiss Hestand's claims for lack of jurisdiction, failure to state a claim and entitlement to qualified and sovereign immunity.

## ARGUMENT

I. **DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1).**

Hestand sues Lumpkin and Davis in their official capacities. Dkt. No. 20 at ¶9. Hestand also seeks $200,000 in monetary damages against them. *Id.* at ¶52. To the extent Hestand sues Lumpkin and Davis in their official capacities for monetary damages, the Eleventh Amendment precludes such claims. A suit against a state official in his or her official capacity is no different than a suit against the State itself. *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989). Neither a State nor its officials are "persons" under § 1983. *Id.* The Eleventh Amendment bar against monetary damages in federal court remains in effect when state officials are sued for damages in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). This Court lacks jurisdiction to hear the instant case because the Eleventh Amendment bars claims for money damages against Defendants who have been sued in their official capacities.

///

///

## II.  DEFENDANTS MOVE TO DISMISS HESTAND'S CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests only the formal sufficiency of the statement of a claim for relief and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied, 536 U.S. 960 (2002). "[T]he plaintiff's complaint [must] be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged." *Id.* (*citing Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff, it need not accept plaintiff's *legal conclusions* as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id*.

The Fifth Circuit will not find that this Court abused its discretion in refusing to allow further leave to amend a plaintiff's complaint if that leave has previously been granted. *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). Granting leave to amend is not required, if the plaintiff has already pleaded his "best case." *Id.* Where the plaintiff "gives no indication that he did not plead his best case" and fails "state any material facts he would have included in an amended complaint," dismissal with prejudice is warranted. *Id*.

Even assuming the facts alleged in Hestand's complaint as true, Hestand fails to state a claim for relief against Lumpkin or Davis. Because, as shown below, Hestand has clearly pled his

best case, no leave to amend need be granted and this Court should dismiss with prejudice if it denies Defendants' motion to dismiss on jurisdictional grounds.

### A. Hestand's Complaint Fails to Allege Lumpkin or Davis' Personal Involvement in his Claims and Hestand Cannot Maintain Claims Against them on the Basis of Respondeat Superior.

The doctrine of respondeat superior cannot support liability in §1983 actions, in other words, supervisory officials cannot be held vicariously liable under § 1983 for the misconduct of a subordinate. *See, e.g., Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). "Because vicarious liability is inapplicable to…§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 534 (5th Cir. 1997). A supervisory official "is only liable under § 1983 if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Valentine v. Jones*, 566 Fed. Appx. 291, 294 (5th Cir. 2014). A supervisor may also be liable under § 1983 where the plaintiff alleges facts that show the supervisory failed to supervise or train the subordinates that caused the constitutional violation. *Smith v. Brenoettsy*, 158 F.3d 908, 911–12 (5th Cir. 1998)

Hestand does not allege any facts that Davis or Lumpkin ever personally acted to deprive him of his constitutional rights. Dkt. No. 20; *see Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (personal involvement is an essential element of a civil rights cause of action.) Hestand also does not allege a theory that Davis or Lumpkin implemented unconstitutional policies that causally resulted in his injury. *See* Dkt. No. 20. With no facts to identify what policies Hestand believes Davis and Lumpkin implemented, much less how those policies were unconstitutional, Defendants

cannot be liable under a theory of respondeat superior. *See, e.g., Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992) (stating that a defendant may be held liable as a supervisory official is if there are facts tending to show that he implemented unconstitutional policies that causally result in his injury.)

### B.  Lumpkin and Davis Are Entitled to Qualified Immunity.

Hestand's claims do not overcome Lumpkin or Davis' entitlement to qualified immunity. Government employees sued in their individual capacities are presumptively entitled to the defense of qualified immunity. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). A plaintiff fails to satisfy his burden with conclusory allegations of wrongdoing. *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988). In determining whether the plaintiff has successfully overcome the qualified immunity defense, the court must first determine if the plaintiff has alleged the violation of any constitutional right. *Siegert v. Gilley*, 500 U.S. 226, 232-34 (1991). If the plaintiff has not done so, the court need not further address the question of qualified immunity. *Id.*

As set out above, Hestand has not cleared the first hurdle as he fails to demonstrate any constitutional violation by Lumpkin or Davis, and thus, their entitlement to qualified immunity remains intact. However, if the court finds that the plaintiff has alleged the violation of a clearly established constitutional right, the court still must determine if a defendant's actions were "objectively reasonable." *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir. 1993). The "objectively reasonable" inquiry is "assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639-640 (1987); *Spann*, 987 F.2d at 1114.

Whether an official's conduct was objectively reasonable is a question of law for the court, not a matter of fact for the jury. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999). "Clearly established law" should not be defined at a high level of generality. *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). To be clearly established for purposes of qualified immunity, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008). "The defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson v. Upshur Cty, TX*, 245 F.3d 447, 457 (5th Cir. 2001) (emphasis in the original). In essence, it is the plaintiff's burden to allege facts sufficient to demonstrate that *no reasonable officer* could have believed his actions were proper. *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994).

Hestand cannot demonstrate that any of the actions he attributes to either Davis or Lumpkin, to the extent he attributes any, violated clearly established law. Therefore, Davis and Lumpkin's entitlement to qualified immunity remains.

## Conclusion

For the foregoing reasons, Lorie Davis and Bobby Lumpkin respectfully ask that this Court dismiss Hestand's claims against them with prejudice.

Respectfully Submitted.

**Ken Paxton**
Attorney General of Texas

**Grant Dorfman**
First Assistant Attorney General

**BRENT WEBSTER**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief
Law Enforcement Defense Division

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General
Texas State Bar No. 24097533
courtney.corbello@oag.texas.gov

**OFFICE OF THE ATTORNEY GENERAL**
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9410 (Fax)
**ATTORNEYS FOR LORIE DAVIS AND BOBBY LUMPKIN**

### NOTICE OF ELECTRONIC FILING

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Eastern District of Texas on August 10, 2021.

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General

### CERTIFICATE OF SERVICE

I, **COURTNEY CORBELLO**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served directly to all counsel on record by the Electronic Case Files System of the Eastern District of Texas on August 10, 2021.

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General