IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

JAMON HESTAND, #0134353, §
 §
    Plaintiff, §
 §
v. § Case No. 6:20-cv-71-JDK-JDL
 §
TDCJ-CID, et al., §
 §
    Defendants. §

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jamon Hestand, a Texas Department of Criminal Justice inmate, brings this civil rights lawsuit under 42 U.S.C. § 1983 alleging violations of his constitutional rights while incarcerated at the Michael Unit. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On September 21, 2020, Judge Love issued a Report and Recommendation recommending that the Court:

- grant Defendants Jamadre Enge and Barbara Neal's motion to dismiss (Docket No. 26) without prejudice for Plaintiff's failure to effect proper service;

- grant Defendants Lorie Davis and Bobby Lumpkin's motion to dismiss (Docket No. 40) with prejudice for failure to state a claim upon which relief can be granted;

- deny Plaintiff's motion for an extension of time to effect service (Docket No. 32);

- deny Plaintiff's motion for substituted service (Docket No. 41);

1

- dismiss Plaintiff's claims against all remaining Defendants without prejudice for failure to properly effect service after sixteen months; and
- suspend the statute of limitations for a period of sixty days due to counsel's basic failure to properly represent Plaintiff.

Docket No. 46. Counsel for Plaintiff has not filed objections; however, Plaintiff Hestand filed pro se objections. Docket No. 48.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his pro se objections, Plaintiff explains that he has not seen most of the docket in this case. He also asserts that his lawsuit was supposed to include a claim concerning his disability and to move for several "injunctions." Plaintiff, however, is currently represented by counsel and has been since the inception of this case. As a result, his pro se objections are not properly before the Court because Plaintiff is not entitled to hybrid representation. *See Dean v. Smith Cnty., Tex.*, 90 F. App'x 75, 76 (5th Cir. 2004) (unpublished) ("There is no federal constitutional right to hybrid representation."); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978) (explaining "hybrid representation" as representation "partly by counsel and partly by [defendant]"). Accordingly, Plaintiff's pro se objections are not properly before the Court.

Counsel for the Plaintiff has not filed objections. The Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews his legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.").

Having reviewed the Magistrate Judge's Report and the record in this case, the Court finds no clear error or abuse of discretion and no conclusions contrary to law. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 46) as the opinion of the District Court.

The Court hereby **GRANTS** Defendants Enge and Neal's motion to dismiss (Docket No. 26) and **DISMISSES** Plaintiff's claims against them without prejudice.

The Court **GRANTS** Defendants Davis and Lumpkin's motion to dismiss (Docket No. 40) and **DISMISSES** Plaintiff's claims against them with prejudice.

The Court **DENIES** Plaintiff's motion for an extension of time to effect service (Docket No. 32) and Plaintiff's motion for substituted service (Docket No. 41).

The Court **DISMISSES** Plaintiff's claims against all remaining Defendants without prejudice. The statute of limitations for Plaintiff's claims is hereby **SUSPENDED** for a period of sixty days from the date of this Order.

Finally, the Clerk of Court is instructed to mail Plaintiff Jamon Hestand a copy of this Order and the Final Judgment in this case at his last known address.

So **ORDERED** and **SIGNED** this **5th** day of **November, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE