## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |  |
|---|---|---|
| JAMON HESTAND, #0134353, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:20-cv-71-JDK-JDL |
| TDCJ-CID, et al., | § § | |
| Defendants. | § § § | |

### ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

Before the Court is Plaintiff Jamon Hestand's motion to reinstate after dismissal, file by Plaintiff's counsel. Docket No. 53. Because Plaintiff's motion is filed within twenty-eight days after entry of judgment, the Court construes this as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). For the reasons stated below, Plaintiff's motion is **DENIED**.

### A. Background

Plaintiff, a Texas Department of Criminal Justice inmate represented by counsel, filed this civil rights lawsuit under 42 U.S.C. § 1983. After Plaintiff's counsel failed to object to the Magistrate Judge's Report, the Court (1) granted Defendant Enge and Neal's motion to dismiss, dismissing claims against them without prejudice for the failure to effect proper service, (2) granted Defendant Davis and Lumpkin's motion to dismiss, dismissing claims against them with prejudice, and (3) denied Plaintiff's motion for an extension of time to effect service and Plaintiff's motion for substituted service. The Court dismissed all claims against remaining Defendants

1

without prejudice for failure to effect service.  In the interests of justice, moreover, the Court suspended the statute of limitations for a period of sixty days from the date of the final judgment.  Docket Nos. 46, 50.

### B. Applicable Law

The United States Supreme Court discussed the purpose of Rule 59(e) as follows:

> Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946. Its draftsmen had a clear and narrow aim.  According to the accompanying Advisory Committee Report, the Rule was adopted to "mak[e] clear that the district court possesses the power" to rectify its own mistakes in the period immediately following entry of judgment . . . .  Consistent with this original understanding, the federal courts have invoked Rule 59(e) only to support reconsiderations of matters properly encompassed in a decision on the merits.

*White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450-51 (1982) (citations omitted). Furthermore, "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

The Fifth Circuit has observed that a Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotations omitted).  A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.) (citation omitted), *cert. denied*, 543 U.S. 976 (2004).  The Fifth

Circuit has repeatedly held that the purpose of a Rule 59(e) motion is not to rehash arguments that have already been raised before a court. *See, e.g.*, *Naquin v. Elevating Boats, L.L.C.*, 817 F.3d 235, 240 n.4 (5th Cir. 2016); *Winding v. Grimes*, 405 F. App'x 935, 937 (5th Cir. 2010).

Moreover, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citations omitted). The decision to alter or amend a judgment is committed to the sound discretion of the district judge and will not be overturned absent an abuse of discretion. *S. Contractors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 & n.18 (5th Cir. 1993).

## C. Analysis

Plaintiff's argument for reinstating this case is essentially that Defendants have not cooperated with Plaintiff's attempts at service of process. This argument fails to provide a sufficient basis for relief from the judgment.

As an initial matter, counsel for Plaintiff did not file objections to the United States Magistrate Judge's Report and Recommendation—which fully discussed and analyzed counsel's failure to effect proper service. Counsel's present arguments concerning TDCJ's alleged refusal to "cooperate" should have been raised on objection rather than in these motions to alter the final judgment. *See Jennings v. Watson*, 2020 WL 699827, *1 (N.D. Tex. Jan. 14, 2020) (explaining that a Rule 59(e) motion "is not the proper vehicle to either rehash evidence or legal theories that were previously raised or raise arguments that could have been offered earlier").

Plaintiff's claims also fail on the merits. Plaintiff's counsel attempts to blame TDCJ for failure to properly effect service. Docket No. 53 at 4. As mentioned, Judge

Love fully addressed the issue of service in the Report.   Docket No. 46 at 14–16, 19–22.   Plaintiff is represented by a licensed attorney who should be familiar with the rules and methods of proper service.   It is not the burden of Defendants to ensure that they are served properly.   Plaintiff's argument to the contrary is without merit.

Plaintiff's counsel failed to properly effect service in a case that was filed in February 2020, despite a show cause order and a motion to dismiss that provided notice concerning lack of service.   Further, counsel waited until June 2021 to begin attempting to perfect service of the January 2021 amended complaint and did not seek assistance from the Court until August 2021.   All of counsel's attempts to effectuate service occurred after the Rule 4(m) period expired.   Counsel offers no explanation for this extraordinary lapse of time.

### D. Conclusion

Because Plaintiff's motion only provides arguments that should have been raised previously and rehashes Plaintiff's previous arguments concerning diligence of service attempts, it provides no basis for relief under Rule 59(e).   Accordingly, the Court hereby **DENIES** Plaintiff's motion to reinstate this case (Docket No. 53).

So **ORDERED** and **SIGNED** this **22nd** day of **November, 2021.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE