**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| JAMON HESTAND, #0134353 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv071 |
| TDCJ-CID, ET AL. | § | |

**ORDER GRANTING EXTENSION OF TIME**

Before the Court are Plaintiff's *pro se* motion to appoint counsel (Docket No. 58) and motion to extend the statute of limitations (Docket No. #59) in this closed civil rights proceeding pursuant to 42 U.S.C. § 1983. Plaintiff's case, wherein he was formerly represented by counsel, was closed on November 5, 2021. Specifically, the Court (1) dismissed claims against Defendants Enge and Neal without prejudice, (2) dismissed claims against Defendants Davis and Lumpkin with prejudice, and (3) dismissed all claims against remaining Defendants without prejudice. The Court also suspended the statute of limitations for a period of sixty days as a result of Plaintiff's former counsel's failure to effectuate service.

Plaintiff first explains that he received his client file from counsel on December 10, 2021, and that he is no longer represented by counsel. He also notes that he did not receive the final judgment in this case until November 10, 2021. Plaintiff further highlights how he is currently drafting his new *pro se* complaint but is interrupted, notes that he is trying to "get everything correct," and is sending in his *in forma pauperis* paperwork. Ultimately, Plaintiff requests that the Court extend the limitations period in this case for an additional thirty days so that he can complete his *pro se* complaint.

While the Court already extended the limitations period by an additional sixty days, the Court finds that Plaintiff's request is reasonable given the delay in receiving his file from his

previous attorney. In other words, Plaintiff has provided good cause to further extend the limitations period. Furthermore, given that Plaintiff's lawsuit concerns incidents that occurred beginning in February 2018, the Court has determined that limitations should be extended. *See Campbell v. Wilkinson*, 988 F.3d 798, 801 n.1 (5th Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.'").

Turning to Plaintiff's motion for the appointment of counsel (Docket No. 58), Plaintiff seeks counsel because of "injustices" and how his disability affects his daily living. While the Court understands that Plaintiff is currently drafting his new complaint, a lawsuit has not been filed—thereby rendering his motion for counsel premature and inappropriate in this closed case. Accordingly, it is

**ORDERED** that Plaintiff's motion for the appointment of counsel in this civil action number (Docket No. 58) is **DENIED**. Further, it is

**ORDERED** that Plaintiff's motion for an extension of the statute of limitations period (Docket No. 59) is **GRANTED** to the limited extent that the limitations period in this case is extended until February 11, 2022. No further extensions of the limitations period will be granted.

So **ORDERED** and **SIGNED** this **4th** day of **January, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE